**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| A.H., individually and on behalf of N.H., a student with a disability,<br><br>Plaintiffs,<br>-against-<br>The Board of Education of the City School District of the City of New York, the New York City Department of Education, a/k/a New York City Public Schools, the City of New York, and Chancellor Kamar H. Samuels, in his official capacity,<br><br>Defendants. | 26 Civ. 5926 (MMG)<br><br>ECF CASE<br><br>[PROPOSED] ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER |

Upon the Declaration of Laura D. Barbieri, Esq., dated July 16, 2026, and the exhibits annexed thereto; the Declaration of A.H., dated July 16, 2026, annexed as Exhibit 1 to the Barbieri Declaration; the accompanying Memorandum of Law in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction; and upon all prior pleadings and proceedings had herein; and it appearing that Plaintiffs have given notice of this application to Defendants and do not seek relief *ex parte*, see Barbieri Decl. ¶¶ 4–7 & Ex. 14; and sufficient reason appearing therefor, it is hereby

ORDERED that Defendants show cause before the Honorable Margaret M. Garnett, United States District Judge, at Courtroom 906 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, on the ____ day of ____________, 2026, at ____ o'clock in the ______noon thereof, or as soon thereafter as counsel may be heard, why an order should not be entered, pursuant to 20 U.S.C. § 1415(j), 20 U.S.C. § 1415(i)(2)(C)(iii), and Rule 65 of the Federal Rules of Civil Procedure:

1. declaring that the twelve-month program of services ordered by the final, unappealed Findings of Fact and Decision dated November 9, 2019 (IHO Case

No. 174703) (the "2019 Program"), including its requirement that providers be paid at prevailing rates, is N.H.'s then-current educational placement within the meaning of 20 U.S.C. § 1415(j);

2. directing Defendants, within five (5) business days of entry of the order, either (a) to issue effective direct authorizations to N.H.'s existing providers at the prevailing rates required by the 2019 FOFD and to fund their immediate resumption of services, or (b) to identify qualified alternative providers who have accepted N.H.'s case and who will begin delivering each component of the 2019 Program by that deadline; and further directing that, absent an accepted qualified alternative provider for a given component, Defendants shall authorize N.H.'s existing provider for that component;

3. directing that each authorization issued pursuant to paragraph 2 state the provider, service, frequency, prevailing rate, effective date, invoice-submission method, and payment deadline; directing Defendants to pay compliant invoices for services delivered after resumption within thirty (30) calendar days of submission; and directing Defendants to continue authorizing and funding the 2019 Program while the administrative and judicial review proceedings remain pending;

4. directing Defendants, upon competent proof establishing the service delivered, the dates and hours, the provider's charged rate, and the amount due, to pay N.H.'s providers directly for services actually delivered after December 31, 2025 through each provider's cessation date, at the charged rates to the extent those rates are prevailing rates under the 2019 FOFD, without requiring the Court to fix any provider-specific rate or amount on this application;

5. directing a component-by-component accounting of the services required and the services actually delivered after December 31, 2025, and directing make-up pendency services for the resulting shortfall after crediting services actually delivered, with any privately obtained make-up services funded at the prevailing rates required by the 2019 FOFD;

6. directing Defendants to file a written component-by-component implementation report within five (5) business days after entry of the order, and further reports every ten (10) business days until the 2019 Program is fully implemented;

7. waiving the security requirement of Rule 65(c) or, in the alternative, setting nominal security in the amount of $1.00; and

8. granting such other and further relief as the Court deems just and proper; and it is further

ORDERED that, pending the hearing and determination of Plaintiffs' motion, Defendants, together with their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, are TEMPORARILY RESTRAINED from failing or refusing to authorize and fund N.H.'s 2019 Program, and shall, **within five business days of service of this Order**, either issue effective direct authorizations to N.H.'s existing providers at the prevailing rates required by the 2019 FOFD and fund the immediate resumption of services, or identify qualified alternative providers who have accepted N.H.'s case and will begin delivering each component of the 2019 Program without interruption; and it is further

ORDERED that Defendants shall serve and file any papers in opposition to Plaintiffs' motion no later than ____________, 2026, and Plaintiffs shall serve and file any reply papers no later than ____________, 2026; and it is further

ORDERED that service of a copy of this Order to Show Cause, together with the papers upon which it is based, upon Defendants by electronic mail to the Office of the Corporation Counsel of the City of New York, and by filing on the Court's ECF system, on or before ____________, 2026, shall be deemed good and sufficient service thereof; and it is further

ORDERED that Plaintiffs shall file proof of such service on the docket.

Dated: New York, New York
__________________, 2026

SO ORDERED.

______________________________
HON. MARGARET M. GARNETT
United States District Judge