**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

A.H., individually and on behalf of N.H., a student with a disability,

Plaintiffs,

-against-

The Board of Education of the City School District of the City of New York, the New York City Department of Education, a/k/a New York City Public Schools, the City of New York, and Chancellor Kamar H. Samuels, in his official capacity,

Defendants.

26 Civ. 5926 (MMG) (HJR)

ECF CASE

**DECLARATION OF LAURA D. BARBIERI IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I, Laura D. Barbieri, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney duly admitted to practice before this Court and the principal of The Law Office of Laura D. Barbieri, PLLC, counsel for Plaintiffs A.H., individually and on behalf of N.H., her child, a student with a disability. I submit this declaration in support of Plaintiffs' motion for a temporary restraining order and preliminary injunction.

2. The facts set forth in this declaration are based on my personal knowledge; my review of the administrative record and records maintained by my office in the ordinary course of representing Plaintiffs; communications in which I participated or that I received during that representation; and the attached exhibits. Exhibit 1 is the Declaration of Plaintiff A.H. Where I summarize N.H.'s receipt or loss of services, provider status, or the conditions under which providers will resume, I rely on Exhibit 1, A.H.'s prior administrative affirmations, and communications and records received and maintained by my office. Where I describe DOE documents or communications, I rely on the attached records and communications in which I participated.

3. Plaintiffs seek an order declaring that the final, unappealed Findings of Fact and Decision dated November 9, 2019 (the "2019 FOFD") establishes N.H.'s pendency program (the "2019 Program"), including its requirement that providers be paid at prevailing rates, and directing Defendants to authorize, implement, and fund that program immediately and prospectively while the relevant administrative and judicial proceedings remain pending. Plaintiffs also seek direct payment to the providers, upon competent proof, for services actually delivered after December 31, 2025 through each provider's cessation date, and component-by-component make-up pendency services for mandated services not delivered after crediting services actually delivered. A true and correct copy of the 2019 FOFD in IHO Case No. 174703, issued by IHO Suzanne M. Carter, is annexed as Exhibit 2.

4. Plaintiffs bring this application on notice to Defendants and do not seek *ex parte* relief.

5. On July 16, 2026, at approximately 10:56 a.m. I notified Peter Farrell, Esq., Chief of the Litigation Bureau of the New York City Law Department, at pfarrell@law.nyc.gov, that Plaintiffs intend to file an emergency application seeking immediate enforcement of N.H.'s pendency rights. A true and correct copy of the notice email and service receipt is annexed as Exhibit 14.

6. The notice advised that Plaintiffs would seek immediate implementation and funding of the 2019 Program, payment for pendency services already delivered, make-up pendency services for services not delivered, and protection against further interruption while Defendants arranged implementation.

7. I requested that Defendants advise whether they would consent to immediate implementation, oppose the application, or identify qualified providers who had accepted N.H.'s

case and could begin delivering each missing component without delay. As of the execution of this declaration, Defendants have not identified any such provider arrangement or agreed to the requested relief. I will however copy Defendants' counsel when I notify this Court by email pursuant to her Individual Practice Rules concerning emergency applications for TROs, allowing Defendants an additional opportunity to provide a response to the within application.

8. Plaintiffs proceed by order to show cause because the ordinary motion schedule would prolong N.H.'s ongoing deprivation of his pendency program. DOE did not authorize, fund, or directly provide the 2019 Program after December 31, 2025. Several providers temporarily continued components without DOE authorization or payment, but those services stopped in stages and no identified component of the 2019 Program is currently being delivered.

9. No prior application for the same emergency federal relief has been made to this Court. Plaintiffs sought pendency relief before the IHO and the State Review Officer, but those proceedings have not produced enforceable relief maintaining the 2019 Program during the current proceedings.

10. N.H. is a fifteen-year-old student classified by the DOE as a student with autism. His diagnoses include Autism Spectrum Disorder, Sensory Processing Disorder, and Attention-Deficit/Hyperactivity Disorder. He has received special education services continuously since preschool and requires a twelve-month program to make meaningful progress and avoid substantial regression. *See* A.H. Decl. ¶¶ 5–7.

11. A true and correct copy of the due process complaint filed on December 31, 2025 in IHO Case No. 307092 is annexed as Exhibit 15. A true and correct copy of the amended due process complaint filed on February 9, 2026, which is the operative administrative pleading, is annexed as Exhibit 16.

12. The 2019 FOFD ordered a twelve-month service array consisting of forty hours per week of 1:1 SEIT services; seven hours per week of enhanced OT incorporating Astronaut Training and Therapeutic Listening; two hours per week of Parent Counseling and Training ("PCAT"); two hours per week of Board-Certified Behavior Analyst ("BCBA") supervision; individual OT three times weekly for forty-five minutes; individual PT three times weekly for forty-five minutes; and speech-language therapy four times weekly for thirty minutes. It further ordered payment of the providers at prevailing rates. See Exhibit 2.

13. The DOE did not appeal the 2019 FOFD, and it became final and binding on the parties.

14. The same service array has repeatedly served as N.H.'s pendency program. True and correct copies of the December 19, 2022 Pendency Order in IHO Case No. 226491, the July 23, 2025 Pendency Order in IHO Case No. 293773, and the December 23, 2025 Order on Pendency in IHO Case No. 303474 are annexed as Exhibits 3, 4, and 5, respectively.

15. The December 23, 2025 Order directed the DOE to fund the 2019 Program from October 27 through December 31, 2025. The DOE issued and honored authorizations for that covered period. See Exhibits 5, 9, and 10; A.H. Decl. ¶ 13.

16. The last program developed by the Committee on Special Education ("CSE") for N.H. was an Individualized Education Services Program ("IESP") dated March 28, 2023. The CSE has not convened since. A.H. did not agree that the March 2023 IESP would replace the 2019 FOFD as N.H.'s pendency program, and the DOE continued to fund the 2019 Program as pendency after the IESP was developed. See A.H. Decl. ¶¶ 14-15.

17. For the 2025–2026 school year, the DOE did not convene the CSE or develop an IEP for N.H., notwithstanding A.H.'s written requests dated August 15 and September 9, 2025. True and correct copies of those requests are annexed collectively as Exhibit 6.

18. On September 8, 2025, the DOE issued a Letter of Discharge asserting that N.H. had transferred to a school outside New York City while also stating that he remained a New York City resident. A true and correct copy of that notice is annexed as Exhibit 7.

19. On September 15, 2025, A.H. served a Ten-Day Notice advising that, absent a DOE-funded program, she would retain providers to deliver the services required by the 2019 FOFD and seek public funding through due process. The notice expressly preserved the DOE's pendency obligations. A true and correct copy is annexed as Exhibit 8.

20. The DOE did not respond to the Ten-Day Notice by identifying an alternative pendency placement or a complete group of qualified providers who had accepted N.H.'s case and could begin without interruption.

21. After the DOE moved to dismiss the current administrative matter on the theory that N.H.'s claims belonged in the district where his nonpublic school is located, the IHO rejected that position as "without merit" and held that the district of residence remained obligated to develop N.H.'s IEP. A true and correct copy of the June 15, 2026 decision is annexed as Exhibit 13. That decision is the subject of a separate administrative appeal.

22. A.H. filed the current due process complaint on December 31, 2025 in IHO Case No. 307092 and requested interim pendency based on the unappealed 2019 FOFD. The DOE opposed pendency but did not propose a complete alternative pendency program.

23. At the May 12, 2026 pendency hearing, the DOE did not dispute that the 2019 FOFD was the appropriate basis for pendency. The May 28, 2026 Order states that the DOE's

representative did not dispute that pendency should be based on the 2019 FOFD and that the services ordered in the 2019 FOFD were the services to which N.H. would be entitled absent unilateral action by the parent.

24. Despite that finding, the IHO denied pendency on the theory that A.H.'s retention of private providers to deliver the 2019 Program constituted a "rejection" of pendency by self-help. A true and correct copy of the May 28, 2026 Order is annexed as Exhibit 12.

25. Both parties sought State Review Officer review of the May 28, 2026 Order. As of the execution of this declaration, no SRO decision granting implementation of the 2019 Program has issued.

26. A true and correct copy of A.H.'s Supplemental Affirmation dated July 1, 2026, submitted to the Office of State Review, is annexed as Exhibit 17. It addresses DOE's authorizations for several of the same providers and the absence of an alternative DOE implementation plan.

27. On January 23, 2026, the DOE issued a direct authorization to Dvorah Levin, N.H.'s SEIT provider, for forty hours per week at $225 per hour on a twelve-month basis, retroactive to October 27, 2025. Although issued in January 2026, the authorization by its terms covered services only through December 31, 2025 and did not authorize SEIT services delivered on or after January 1, 2026. A true and correct copy is annexed as Exhibit 9.

28. On March 19, 2026, the DOE issued a direct authorization to Victoria Kravets, N.H.'s individual OT provider, for three forty-five-minute sessions per week on a twelve-month basis, retroactive to October 27, 2025. Although issued in March 2026, the authorization by its terms covered services only through December 31, 2025 and did not authorize individual OT delivered on or after January 1, 2026. A true and correct copy is annexed as Exhibit 10.

29. The DOE issued or claimed to issue a Related Service Authorization ("RSA") for N.H.'s PT. A.H. and her SRO counsel requested that the DOE correct the RSA to a direct authorization for Mirel Freidman at the prevailing pendency rate historically received by that provider. The DOE did not correct the authorization or identify a qualified PT provider who had accepted N.H.'s case and could begin immediately. The relevant correspondence is annexed as Exhibit 11.

30. The January and March authorizations are significant because they confirm that the DOE recognized the same providers and services as components of the 2019 Program. A.H. did not create a new program; she attempted to preserve the same FOFD-defined services that the DOE had previously funded.

31. After December 31, 2025, several existing providers temporarily continued delivering the same services required by the 2019 FOFD without DOE authorization or payment. Danielle Greene continued speech-language therapy until January 2026. Tal LLC continued enhanced OT until March 2026, and Mirel Freidman continued individual PT until March 2026. Dvorah Levin continued SEIT services until May 2026, Victoria Kravets continued individual OT until May 2026, and Fraida Flaishman continued enhanced OT until May 2026. *See* A.H. Decl. ¶¶ 31–32.

32. PCAT and BCBA supervision were not funded or delivered after December 31, 2025. All six identified provider-delivered components have now stopped, and no component of the 2019 Program is currently being delivered. See A.H. Decl. ¶¶ 30–33.

33. The post-December 31 services described above were delivered without DOE authorization and remain unbilled and unpaid. Plaintiffs do not ask the Court on this application

to determine the precise dates, hours, rates, or amounts due. They seek direct payment to the providers later, upon competent proof.

34. The providers have advised that they will resume without first receiving payment for the services previously delivered, but they will not resume without effective prospective DOE authorization and funding at the prevailing rates required by the 2019 FOFD. The historical charges therefore are not the basis for the emergency application; the present emergency is the absence of prospective authorization and funding needed to restart the services.

35. Plaintiffs request that the Court require the DOE, within five business days, either to issue effective direct authorizations to the identified existing providers at prevailing rates and fund their immediate resumption, or to identify qualified alternative providers who have accepted N.H.'s pendency program and will begin each required component by that deadline. If no qualified alternative has accepted a component and can begin by the deadline, the DOE should be required to authorize the existing provider for that component.

36. The required twelve-month program consists of forty hours per week of 1:1 SEIT services; seven hours per week of enhanced OT incorporating Astronaut Training and Therapeutic Listening; two hours per week of PCAT; two hours per week of BCBA supervision; individual OT three times weekly for forty-five minutes; individual PT three times weekly for forty-five minutes; and speech-language therapy four times weekly for thirty minutes.

37. To make the prospective relief effective, each authorization should identify the provider, service, frequency, rate, effective date, invoice-submission method, and payment deadline, and the DOE should pay compliant invoices for services delivered after resumption within thirty calendar days after submission. These provisions are implementation terms of the prospective injunction, not a separate category of substantive relief.

38. Separately, Plaintiffs request that the DOE be directed, upon competent proof sufficient to establish the service delivered, dates and hours, provider's charged rate, and amount due, to pay the providers directly for actual services delivered after December 31, 2025 through each provider's cessation date, at the charged rates to the extent those rates are prevailing rates under the 2019 FOFD. The Court need not determine any provider-specific rate or amount on this application.

39. Plaintiffs also request a component-by-component accounting of the services required and actually delivered after December 31, 2025, followed by make-up pendency services for the shortfall after crediting services actually delivered. Any privately obtained make-up services should be funded at prevailing rates as required by the 2019 FOFD.

40. Plaintiffs request a written component-by-component implementation report within five business days after entry of the Court's order, continuing reports every ten business days until full implementation of the 2019 Program is achieved, waiver of security under Rule 65(c), or alternatively a nominal bond of $1.00, and such other relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct and as to those statements I attest to upon information and belief, I believe them to be true.

Executed on July 16, 2026, at New York, New York.

Laura Dawn Barbieri

Laura D. Barbieri