Gmail

**Gerschel Administration <admin@gerschellaw.com>**

## Updated 10-Day Notice of Private Placement [redacted] (DOB [redacted] 2011) NYC ID # [redacted]

2 messages

---

**Gerschel Administration** <admin@gerschellaw.com> Mon, Sep 15, 2025 at 8:49 PM
To: 10daynotice CSE6 <10daynoticeCSE6@schools.nyc.gov>
Cc: Sara Goldsmith <sarag@gerschellaw.com>, [redacted] com>, [redacted] .com>, Angela Lloyd <angela@gerschellaw.com>

Dear Chair of the CSE,

Please find attached an Updated 10-Day Notice of Private Placement for [redacted] (DOB [redacted] 2011) NYC ID # [redacted]

Sincerely,

Alexander Sprei
Administrator
Law Office of Philippe Gerschel
Office: (347) 365-2624
Cell: (646) 389 0529
Fax: (917) 791-2175

---

**Updated [redacted] TDN 2025-2026.pdf**
92K

---

**10daynotice CSE6** <10daynoticeCSE6@schools.nyc.gov> Mon, Sep 15, 2025 at 8:50 PM
To: Alexander Sprei <admin@gerschellaw.com>

The New York City Department of Education for the Committee on Special Education is in receipt of your letter. This email account should only be used to submit ten-day notices to the CSE where parent is seeking a private school or private programming at the District's expense. Please be aware that there is a two year statute of limitations on all claims under the IDEA, including claims submitted to the DOE through ten-day notice letters. Although the DOE will continue to try to resolve claims based on ten-day notice letters, your claim must be settled with Comptroller approval or you must file a Due Process Complaint before the expiration of the statute of limitations to preserve your rights. Submissions of ten-day notice letters do not toll the statute of limitations. Settlement negotiations and/or reaching a settlement agreement that is subject to Comptroller approval also do not toll the statute of limitations.

9/15/2025

To: 10daynoticeCSE6@schools.nyc.gov

**Re: 10-Day Notice of Private Placement**
[redacted] (DOB [redacted] 2011)
NYC ID #[redacted]
[redacted], Brooklyn, NY [redacted]

Dear CSE:

I am writing in response to the correspondence received from your office following my inquiry on September 9, 2025. In that response, the Committee on Special Education (CSE) stated the above-referenced student, [redacted]'s, case has been "discharged as he attends [redacted] which is a general education high school outside of NYC."

I do not understand why the CSE has decided not to conduct an IEP meeting for [redacted] Am I to understand that once a student has attended a school outside of NYC, the student relinquishes his right to an IEP from the District in which he resides for any subsequent school years? I would respectfully request that you reconsider your decision to "discharge" him. I request, again, that the CSE conduct an IEP Meeting and make appropriate recommendations.

Nothing in this document nor any other communication from me should be deemed as relieving the District of its obligation to provide services under Pendency.

I am looking forward to hearing from your office.

Sincerely,

/s/ Philippe Gerschel Esq. on behalf of Parent, [redacted]

Law Office of Philippe Gerschel
30 Fifth Ave Suite 15D
New York, New York 10011
347-365-2624
gerschel@gerschellaw.com