CASE NUMBER: 307092 – NYC: DISTRICT # 22

**ORDER ON PENDENCY**

| | |
|---|---|
| Case Number: | 307092 |
| Student's Name[1]: | [redacted] ("Student") |
| Date of Birth: | [redacted] 2011 |
| School District: | N.Y.C. Dept. of Ed., District #22 |
| Hearing Requested by: | [redacted] ("Parent") |
| Request Date/Date Complaint Filed: | 12/31/2025 |
| Date(s) of Hearing: | 5/12/2026 |
| Actual Record Closed Date: | Not Appliable |
| Date of Decision: | 5/28/2026 |
| Date of Distribution (if Different than Decision Date): | Not Applicable |
| Time Sensitive | No |
| Hearing Officer: | Melvin Dalere |

[1] No personal identifying information is contained within the body of this Findings of Fact and Decision ("FOFD"). For personal identifying information, please refer to the attached appendix. Further, this FOFD contains no references to the gender binary. The pronoun "they" is used as needed. Personally identifiable information is attached as Appendix A, "Redaction Identification Page," to this decision and must be removed prior to public distribution.

**NAMES AND TITLES OF PERSONS WHO APPEARED ON MAY 12, 2026**

For the Student:

Philippe Gerschel, Parent Representative

[redacted] Parent

For the New York City Department of Education:

Raymond Jackson, District Representative

## Background

Parent in this matter filed a due process complaint ("DPC") on December 31, 2025, against the New York City ("NYC") Department of Education ("DOE" or "District") and thereafter amended it on February 9, 2026. Parent's amended DPC was approved on February 12, 2026. I was appointed to hear this case as an Impartial Hearing Office ("IHO"), pursuant to the Individual with Disabilities Education Act, 20 U.S.C. § 1400 and Article 89 of New York State Education Law, and respective implementing regulations. At the Due Process Hearing ("DPH") held on May 12, 2026, Parent, through counsel, reiterated their request for an order of pendency based on the un-appealed Findings of Fact and Decision ("FOFD") dated November 9, 2019 ("2019 FOFD").

## Findings of Fact and Decision

A child is entitled to remain in his or her placement at public expense during the pendency of an Individualized Education Program ("IEP") dispute, regardless of the merit of the child's IEP challenge or the outcome of the relevant proceedings.[2] The "pendency" provision of the IDEA requires a school district "to continue funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are complete."[3] The New York State Education Law includes a similar provision in § 404(4)(a).

The school district should not wait for a formal order from a hearing officer before implementing the student's pendency placement.[4] The pendency provision is in effect an "automatic preliminary injunction" to maintain a disabled student's educational status quo.[5] The provision is triggered immediately after a parent or guardian files a due process complaint on behalf of the Student.[6]

The pendency inquiry therefore focuses on identifying what specific services and placement are required to maintain the student's "then current educational placement" because the district must continue to finance those services and placement until the dispute is resolved. [7]

The "then current" placement is not defined in the IDEA or New York statute but has been found to mean "the last agreed upon placement at the moment when the due process

---

[2] *See Mackey ex rel. Thomas M. v. Bd. of Educ. for the Arlington Cent. Sch. Dist.,* 386 F.3d 158, 160 (2d Cir. 2004) (citing 20 U.S.C. § 1415(j)); *see also Ventura de Paulino v. New York City Dep't of Educ.,* 76 IDELR 173 (2d Cir. 2020), citing *Susquenita Sch. Dist. v. Raelee S.*, 96 F.3d 78, 83 (3d Cir. 1996).
[3] *Letter to Goldstein*, 60 IDELR 200 (OSEP 2012).
[4] *Letter to Goldstein*, 60 IDELR 200 (OSEP 2012).
[5] *Zvi D. v. Ambach*, 694 F.2d 904, 554 IDELR 226 (2d Cir. 1982).
[6] *Letter to Winston*, 213 IDELR 102 (OSEP 1987).
[7] *Zvi D., supra*, 694 F.2d 904.

proceeding is commenced." *Arlington Cent Sch. Dist. v. L.P.*, 421 F.Supp. 2d 692. 696 (S.D.N.Y. 2006) (citing *Murphy v. Arlington Cent. Bd. of Educ.*, 86 F.Supp. 2d 354, 359 (S.D.N.Y. 200), *aff'd* 297 F.3d 195 (2002). Courts have interpreted this as meaning either: "(1) 'the placement described in the child's most recently implemented IEP'; (2) 'the operative placement actually functioning at the time when the stay put provision of the IDEA was invoked'; or (3) 'the placement at the time of the previously implemented IEP.'" *DOE v. East Lyme Bd. of Educ. et al*, 790 F.3d 440, 452 (quoting *Mackey ex rel. Thomas M. v. Bd. of Educ. for the Arlington Cent. Sch. Dist*., 386 F.3d 158, 160 [2d Cir. 2004]). However, if there is an agreement between the parties on placement during the proceedings, it need not be reduced to a new IEP, and it can supersede the prior unchallenged IEP as the then-current placement. *See* 20 U.S.C. § 1415(j); *Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 137 F. Supp. 2d 83 (N.D.N.Y.2001), *aff'd*, 290 F. 3d 476, 484 (2d Cir. 2002), *cert. denied*, 123 S. Ct. 1284 (2003).

A prior un-appealed impartial hearing officer's FOFD may establish a student's current educational placement for purposes of pendency. *Student X v. New York City Dep't of Educ.*, 51 IDELR 122 (2008), citing *Letter to Hampden*, 49 IDELR 197 (OSEP 2007). See also 34 C.F.R. § 300.518(d) and 8 NYCRR 200.5(m)(2). In addition, if "a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents" for purposes of establishing the student's current educational placement. *Schutz*, 290 F.3d at 482. Last, a pendency determination can be established by a court on appeal from an SRO decision. *Schutz*, 290 F.3d. Such decisions must be final decisions on the merits. *Student X,* 51 IDELR 122.

At the DPH and in their written submissions, Parent asserts that pendency should be based on the un-appealed FOFD entered by a prior IHO on November 9, 2019, which found Student was entitled to 40 hours weekly of 1:1 Special Education Itinerant Teachers services ("SEITs"), seven hours weekly of individual Occupational Therapy ("OT") services incorporating Astronaut Training and Therapeutic Listening (Integrated Listening System), two hours weekly of Parent Counseling and Training , two hours weekly of Board-Certified Behavior Analyst supervision, individual OT to be provided three times weekly for 45 minutes per session, individual Physical Therapy ("PT") to be provided three times weekly for 45 minutes per session, and Speech Language Therapy to be provided four times weekly for 30 minutes per session. (IHO Ex. I-1-2; Ex. C-4). District Representative, in their written submission, does not dispute that pendency should be based on the 2019 FOFD, and the 2019 FOFD states that Student was entitled to the services outlined above. (IHO Ex. II-4; Ex. C-4). Therefore, I find the pendency program Student would be entitled is the services ordered in the 2019 FOFD, absent any unilateral actions by Parent.

I note, however, Parent unilaterally obtained private providers to provide Student the SEITs, OT and PT ordered in the 2019 FOFD, and District did not agree to Parent's unilateral obtainment of such providers. Indeed, Parent testified that Student has received some of the related services ordered in the 2019 FOFD as of September 2025, and the record shows the

only pendency order relevant to the 2025-2026 school year was effective from October 27, 2025, to December 31, 2025. (Tr. 54; IHO Ex. III-1; Ex. F). Moreover, Parent testified that Student's direct providers were not being funded by District and that OT Provider, PT Provider, and SEIT Provider #2 began providing services only after 2020. (Tr. 53-54, 57). Additionally, while Parent was unable to recall whether OT Provider, SEIT Provider #1, and SEIT Provider #2 were recommended to them by District or whether they hired them themselves, they testified they found PT Provider independently from District. Furthermore, the record fails to show that Parent's unilaterally obtained providers were determined to be appropriate in the past or in any prior State Review Officer decision. Indeed, the 2019 FOFD fails to reference any of Student's current service providers with the exception of SEIT Provider #1, and while SEIT Provider #1 is referenced in the exhibit list of the 2019 FOFD, it fails to make any determination regarding the appropriateness of such provider. Therefore, based on the 2019 FOFD, District was to have delivered and implemented the program and services, however, here, Parent unilaterally sought private services during the 2025-2026 school year. *See Application of a Student with a Disability*, Appeal No. 24-636.

Accordingly, as Parent chose to unilaterally obtain providers to deliver some of the services ordered in the 2019 FOFD, this action constitutes a rejection of the pendency placement, and I find Parent is no longer entitled to pendency. *See Application of a Student with a Disability*, Appeal No. 25-177; *see also Application of a Student with a Disability,* No. 25-265.

**ORDER**

Therefore, based upon the above findings, Parent's request for an interim Order on Pendency is denied.

SO ORDERED

DATED: May 28, 2026

Melvin Dalere
Impartial Hearing Officer

**NOTICE OF RIGHT TO APPEAL**

Within 40 days of the date of the decision, the parent and/or the Public-School District has a right to appeal the decision to a State Review Officer (SRO) of the New York State Education Department under section 4404 of the Education Law and the Individuals with Disabilities Education Act.

If either party plans to appeal the decision, a notice of intention to seek review shall be personally served upon the opposing party no later than 25 days after the date of the decision sought to be reviewed.

An appealing party's request for review shall be personally served upon the opposing party within 40 days from the date of the decision sought to be reviewed. An appealing party shall file the notice of intention to seek review, notice of request for review, request for review, and proof of service with the Office of State Review of the State Education Department within two days after service of the request for review is complete. The rules of procedure for appeals before an SRO are found in Part 279 of the Regulations of the Commissioner of Education. A copy of the rules in Part 279 and model forms are available at http://www.sro.nysed.gov.

**APPENDIX A**

| **Redacted Information** | **Term Used in Order on Pendency** |
|---|---|
| Philippe Gerschel | Parent Representative |
| Raymond Jackson | District Representative |
| [redacted] | Student |
| [redacted] | Parent |
| Fraida Fleishmin | SEIT Provider #1 |
| Victoria Kravitz | SEIT Provider #2 |
| Dvora Levin | OT Provider |
| Mirel Freidman | PT Provider |

## APPENDIX B

## PARENT EXHIBITS

| Exhibit | Title | Date | Pages |
|---|---|---|---|
| A | Amended Due Process Complaint | 2/10/2026 | 10 |
| B | Due Process Complaint (Original Filing) | 12/31/2025 | 13 |
| C | 174703 FOFD — Establishes the Pendency Program | 11/9/2019 | 7 |
| D | 226491 Pendency Order — Reaffirms Pendency Program | 12/19/2022 | 5 |
| E | 293773 Pendency Order — Reaffirms Pendency Program for 2024-2025 SY | 7/23/2025 | 5 |
| F | 303474 Order on Pendency — Most Recent Pendency Order | 12/23/2025 | 8 |
| G | Parent's IEP Meeting Request to CSE 6 | 8/15/2025 | 2 |
| H | Email Correspondence — Forwarded IEP Meeting Request Thread | 9/9/2025 | 2 |
| I | TDN | 9/15/2025 | 2 |
| J | Affidavit of Parent | 5/5/2026 | 9 |

## DISTRICT EXHIBITS

| Exhibit | Title | Date | Pages |
|---|---|---|---|
| 1 | Due Process Complaint | 12/31/2025 | 13 |
| 2 | Individualized Education Services Program (IESP) | 3/28/2023 | 26 |
| 3 | Letter Requesting IEP Meeting | 8/15/2025 | 1 |
| 4 | Letter of Discharge for Student | 9/8/2025 | 1 |
| 5 | Letter of Discharge for Student | 5/9/2024 | 1 |
| 6 | Wikipedia Page | 5/9/2024 | 11 |

## IHO EXHIBITS

| Exhibit | Title | Date | Pages |
|---|---|---|---|
| I | Brief in Support of Pendency | 3/25/2026 | 19 |
| II | Emails Regarding District's Opposition to Parent's Request for Pendency | 4/15/2026, 4/28/2026, and 4/29/2026 | 6 |
| III | Prior Withdrawal | 12/31/2025 | 3 |