NEW YORK STATE EDUCATION DEPARTMENT
OFFICE OF STATE REVIEW
-----------------------------------------------------------------X

Alexandria Hertz, individually and on
behalf of her minor child, N.H.

**SUPPLEMENTAL AFFIRMATION OF ALEXANDRIA HERTZ**

IHO Case No. 307092
IHO Melvin Dalere
SRO No. 26-____

Petitioner,

-against-

The Board of Education of the City School District
of the City of New York,
d/b/a New York City Department of Education,

Respondent.
-----------------------------------------------------------------X

ALEXANDRIA HERTZ, hereby affirm and state as follows:

1. I am the mother of Naftali Hertz, the Student in NYC DOE IHO Case No. 307092, and the Petitioner in the above-captioned matter. I am over the age of eighteen and competent to testify to the matters set forth below, all of which are based on my personal knowledge and on records I keep in the ordinary course of managing Naftali's special education program.

2. I submit this Supplemental Affirmation pursuant to 8 NYCRR § 279.10(b) to clarify a factual point that was not developed in the May 12, 2026 hearing record below: namely,

that during the 2025-2026 school year, the New York City Department of Education ("DOE") Impartial Hearing Order Implementation Unit issued explicit authorizations to several of the very providers from whom Naftali continues to receive the services described in the November 9, 2019 Findings of Fact and Decision in IHO Case No. 174703 (the "2019 FOFD"). Those authorizations were issued pursuant to IHO Melvin Dalere's December 23, 2025 Order on Pendency in IHO Case No. 303474, which ordered pendency on the 2019 FOFD for the period from October 27, 2025 through December 31, 2025.

3. Naftali's current providers, identified in Appendix A to the May 28, 2026 Order on Pendency, include:

   a. Fraida Flaishman, who has provided enhanced Occupational Therapy services (including the Astronaut Training and Therapeutic Listening protocol the 2019 FOFD requires) to Naftali;

   b. Dvorah Levin, who has provided 1:1 Special Education Itinerant Teacher (SEIT) services to Naftali;

   c. Tal 18 Inc., who has provided enhanced Occupational services to Naftali;

   d. Fraida Flaishman, who has also provided enhanced Occupational services incorporating Astronaut Training and Therapeutic Listening to Naftali;

   e. Victoria Kravets, who has provided individual Occupational Therapy services to Naftali; and

   f. Mirel Freidman, who has provided individual Physical Therapy services to Naftali.

4. On January 23, 2026, the DOE Implementation Unit issued a direct authorization to Dvorah Levin, Naftali's SEIT provider, authorizing DOE-funded SEIT services at a rate of $225 per hour for 40 hours per week on a 12-month basis, retroactive to October 27, 2025. A true and correct copy of that authorization is annexed hereto as SRO Exhibit B.
5. On March 19, 2026, the DOE Implementation Unit issued a direct authorization to Victoria Kravets, Naftali's individual OT provider, authorizing DOE-funded individual Occupational Therapy at three 45-minute sessions per week on a 12-month basis, retroactive to October 27, 2025. A true and correct copy of that authorization is annexed hereto as SRO Exhibit C.
6. The DOE claims they issued a Related Service Authorization (RSA) for Naftali's Physical Therapy services on or about November 5, 2025, during the pendency of Case No. 307092. I understand an RSA is a form of authorization that permits the parent to obtain a private provider at a DOE-set rate; it is the DOE's acknowledgment that the service is required by pendency and that the DOE itself was unable to assign a public provider to deliver it. Naftali's current PT provider, Mirel Freidman, does not accept the DOE's RSA rate and has not accepted that rate at any time during the years she has provided services to Naftali. In every prior pendency cycle where Ms. Friedman was our chosen provider, the DOE authorized Ms. Freidman directly at the pendency rate consistent with the rate she has consistently charged.
7. My attorney's office and I repeatedly wrote to the DOE Implementation Unit, including to LaShaundra Polk and Katrina Wilkins, requesting that the PT authorization be corrected to a direct authorization for Mirel Freidman at the pendency rate she has historically received. The DOE never corrected the PT authorization, and as a result

Naftali's PT services under the December 23, 2025 Pendency Order have gone unbilled. Correspondence reflecting the DOE's issuance of the PT RSA, the requests for correction, and the DOE's non-response to those requests is annexed hereto as SRO Exhibit D. The DOE's issuance of the PT RSA is itself an explicit acknowledgment that PT is part of Naftali's pendency program; the failure to authorize the longstanding PT provider directly is a DOE implementation failure, not a change in the underlying program.

8. The December 23, 2025 Pendency Order (IH# 303474) expired by its terms on December 31, 2025. From January 1, 2026 forward, no interim pendency order has been in place for Naftali. The absence of an interim pendency order during the January 1, 2026 through May 28, 2026 period had immediate and adverse consequences for service delivery. In particular, Naftali's Speech-Language Therapy provider, Danielle Green, was not able to continue providing Speech-Language Therapy without a pendency order in place to fund those services at the pendency rate. As a result, Naftali received no Speech-Language Therapy services during that period, even though Speech-Language Therapy is part of the 2019 Program. The DOE should be made aware that Naftali lost access to his Speech-Language Therapy provider because no interim pendency order was in place.

9. Each of the DOE authorizations described above identifies Naftali by name and the December 23, 2025 Pendency Order (IH# 303474) by case number, confirms that the underlying services are required "Per the Pendency Order" on a 12-month basis, and confirms that pendency is effective from October 27, 2025 "until the conclusion of this case." The providers identified in those authorizations, and the providers identified in the PT RSA, are the same providers Naftali continued to receive services from at the time the

underlying Due Process Complaint in IHO Case No. 307092 was filed on December 31, 2025, and at the time of the May 12, 2026 hearing.

10. The DOE offered no alternative provider when they claimed to have sent me RSAs. They provided me with no information about available providers who were willing to accept their RSAs.

11. I retain, and can produce upon the State Review Officer's further request or the Impartial Hearing Officer's request on remand, additional contemporaneous records confirming the 2025-2026 funding cycle for these providers, including signed invoices submitted by the providers, my correspondence with the DOE Implementation Unit, and confirmations of DOE payment where authorizations were issued.

12. There are multiple examples where hearings officers have written these providers' names in their decisions. For example, in Case No. 248458, IHO Lazan specifically ordered funding for Dr. Fraida Flaishman's services. The DOE complied with that funding request.

13. I respectfully submit this affirmation so that the State Review Officer has a complete factual basis on which to evaluate whether my retention of these providers in the 2025-2026 school year, after the DOE's September 8, 2025 Letter of Discharge, constituted any change in the educational status quo. The DOE itself, in the very same school year, authorized direct payment to most of Naftali's providers, and acknowledged Naftali's pendency program in writing on three separate occasions through its own Implementation Unit. When the DOE did not pay, they explicitly acknowledged that they had no provider to implement pendency themselves and left me with no alternative. The providers from whom Naftali continues to receive services are the providers the DOE itself recognized.

To the extent any of those services have gone undelivered or unbilled during the 2025-2026 school year, the cause is the DOE's failure to authorize at the pendency rates Naftali's providers have historically received and the absence of any interim pendency order during the January 1, 2026 through May 28, 2026 period, not any unilateral action by me.

Alexandria Markowitz (Hertz)
_______________________________
Alexandria Hertz (Markowitz)

Affirmed to and subscribed before me
this _____ day of 07/01/2026, 20___

Natalya Sage
_______________________________
Notary Public

Notarized online using audio-video communication technology

Natalya Sage
Online Notary Public
State of New York
Kings County
Commission #: 01SA0023447
Commission Expires: 04/12/2028