PENDENCY ORDER

Student: [redacted]
Case #: 226491
Hearing Officer: Michael Lazan

At the pendency hearing on this case, the parent sought, as pendency, placement of forty hours per week of 1:1 SEIT services, seven hours of per week of enhanced occupational therapy, two hours of parent counseling; two hours per week BCBA; 3x45 occupational therapy 1:1; 3x45 1:1 physical therapy; 4x30 1:1 speech and language therapy, all on a 12 month basis by providers at prevailing rates, retroactive to filing. There was no objection. The request for pendency relief is granted in its entirety.

It is so ordered.

Dated: December 19, 2022

Michael Lazan
Hearing Officer

# FINDINGS OF FACT AND DECISION

Case No.: 226491
Student's Name: [redacted]
Date of Hearing: Various
Hearing Officer: Michael Lazan, Esq.

The matter of the above student ("the Student") came before me as Impartial Hearing Officer pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. Sect. 1415(f)(1). Appended to the record are the names of the persons who appeared.

The parent brought this complaint to challenge Respondent's failure to provide the Student with a stay-put services the 2020-2021 school year. Upon the joint application of the parties, multiple timelines extensions were granted in this case. For each such extension, I reviewed the factors in 8 NYCRR Sect. 200.5(j)(5)(ii) and determined that this was an appropriate matter for extension. There was also no showing of any financial or other consequences to the parties or to the Student's educational well-being. There was no showing of any prejudice to Respondent.

## CONCLUSIONS OF LAW

In 2007 the New York State legislature passed a bill that was signed by the Governor which switches the burden from parent to school district except for the second criterion in cases for tuition reimbursement or payment. Chapter 583 of the Laws of 2007.

A FAPE is offered to a student when (a) the school district complies with the procedural requirements set forth in the IDEA, and (b) the IEP developed by its CSE through the IDEA's procedures is reasonably calculated to enable the student to receive educational benefits. While Districts are required to comply with all IDEA procedures, not all procedural errors render an IEP legally inadequate under the IDEA. Pursuant to the IDEA, when procedural violations are alleged, an administrative officer may find that a child did not receive a FAPE only if the

procedural inadequacies (a) impeded the child's right to a FAPE, (b) significantly impeded the parents' opportunity to participate in the decision making process regarding the provision of a FAPE to the child, or (c) caused a deprivation of educational benefits. 20 U.S.C. Sect. 1415(f)(1)(E)(ii); 34 C.F.R. Sect. 300.513(a)(2).

No testimony or evidence was presented by Respondent, which is deemed to have denied the Student a FAPE.

As relief, Petitioner seeks reimbursement for services provided to the Student during the school year. Hearing Officers have wide discretion to "grant such relief as [it] determines is appropriate." School Committee of the Town of Burlington v. Dep't of Education, Massachusetts, 471 U.S. 359, 371 (1985). The ordinary meaning of these words confers broad discretion on a hearing officer, since the type of relief is not further specified, except that it must be "appropriate."

A hearing officer may award compensatory education relief in the form of supplemental special education or related services when there has been a denial of a FAPE. P. v. Newington Bd. of Educ., 546 F.3d 111, 123 (2d Cir. 2008). Compensatory education can serve as a "replacement of educational services the child should have received in the first place," and any award "should aim to place disabled children in the same position they would have occupied but for the school district's violations of IDEA." Reid v. Dist. of Columbia, 401 F.3d 516, 518 (D.C. Cir. 2005); Draper v. Atlanta Indep. Sch. Sys., 518 F.3d 1275, 1289 (11th Cir. 2008) (holding that "[c]ompensatory awards should place children in the position they would have been in but for the violation of the Act").

In this case, there was a pendency order in effect throughout the twelve month 2020-2021 school year requiring: 1) 40 hours per week of one-to-one SEIT services; 2) 7 hours per week of one-to-one enhanced occupational therapy; 3) 3x45 minutes per week of one-to-one physical therapy services; 4) 3x45 minutes per week of one-to-one regular occupational therapy services; and 5) 4x30 minutes per week of one-to-one speech and language therapy, all to be provided at “prevailing rates,” including under the pendency order a rate of up to $150 per hour for SEIT and for enhanced occupational therapy services.

Petitioner argued that the Student received 960.5 hours of SEIT services and requested 719.5 hours of compensatory SEIT services in a “bank” for all services missed at an enhanced rate of $200 per hour. Respondent objected to the rate. Pursuant to pendency, the Student was entitled to SEIT at a rate of up to $150 per hour. The rate will therefore be reduced to that amount. I am not persuaded by Petitioner’s unsupported argument that macroeconomic factors should result in the increase to the rate.

Petitioner contended that the Student did not receive all sessions of enhanced occupational therapy during the 2020-2021 school year. Petitioner is requested a bank of 149 hours, at the rate of $200 per hour. However, the pendency order says the rate should be $150 per hour. I am not persuaded by Petitioner’s argument that macroeconomic factors should result in an increase to the rate.

Petitioner contended that the Student did not receive all of her speech services during the 2020-2021 school year. The parent requested 92 hours of compensatory speech and testified that she could not find a provider for less than $150 an hour, therefore justifying the rate. There was no testimony to the contrary. This rate is reasonable and will be so ordered.

Petitioner contended that the Student did not receive all of her physical therapy services during the 2020-2021 school year. The parent requested 14 hours of compensatory physical therapy. Petitioner seeks the rate of $200 per hour, but I am not convinced that this rate is necessary from this record. I will instead order that the Student receive physical therapy at a reasonable and customary rate in the community.

Petitioner contended that the Student did not receive all of her "regular" occupational therapy during this school year and requested 126 45 minute sessions as compensatory education at the rate of $150 per hour. Petitioner testified that she needed such a rate in order to retain providers. I find this rate is reasonable and it will be so ordered.

Finally, Petitioner requested that that I direct the district to issue payment to Fraida Flaishman, one of the student's enhanced OT providers during the school year, for the 12 hours of enhanced OT services at a rate of $150/hour that she provided to the student during the school year pursuant to pendency. There was no objection. It will be so ordered.

**ORDER**

As a result of the foregoing, I order the following:

1. The Department of Education shall pay/reimburse Petitioner for a "bank" of services as follows: a) 719.5 hours of SEIT services, at $150 per hour; b) 149 hours of "enhanced" occupational therapy services, at $150 per hour; c) 92 hours of speech therapy, at $150 per hour; d) 14 hours of physical therapy at $150 per hour at a reasonable and customary rate in the community; and e) 126 45 minutes sessions of occupational therapy, at $150 per hour.
2. The Department of Education shall issue payment to Fraida Flaishman, one of the student's enhanced OT providers during the subject school year, for the twelve hours of enhanced OT services at a rate of $150/hour that she provided to the student during the school year pursuant to pendency.

Dated: September 25, 2024

ACRD: September 25, 2024