CASE NUMBER: 303474 – NYC: DISTRICT # 22

**ORDER ON PENDENCY**

| | |
|---|---|
| Case Number: | 303474 |
| Student's Name[1]: | [redacted] ("Student") |
| Date of Birth: | [redacted]2011 |
| School District: | N.Y.C. Dept. of Ed., District #22 |
| Hearing Requested by: | [redacted] ("Parent") |
| Request Date/Date Complaint Filed: | 10/27/2025 |
| Date(s) of Pendency Hearing: | 12/11/2025 |
| Actual Record Closed Date: | Not Appliable |
| Date of Decision: | 12/23/2025 |
| Date of Distribution (if Different than Decision Date): | Not Applicable |
| Time Sensitive | No |
| Hearing Officer: | Melvin Dalere |

[1] No personal identifying information is contained within the body of this Findings of Fact and Decision ("FOFD"). For personal identifying information, please refer to the attached appendix. Further, this FOFD contains no references to the gender binary. The pronoun "they" is used as needed. Personally identifiable information is attached as Appendix A, "Redaction Identification Page," to this decision and must be removed prior to public distribution.

**NAMES AND TITLES OF PERSONS WHO APPEARED ON DECEMBER 11, 2025**

For the Student:
Philippe Gerschel, Parent Representative

For the New York City Department of Education:
Valerie Davis, District Representative

## Background

Parent in this matter filed a due process complaint ("DPC") on October 27, 2025, against the New York City ("NYC") Department of Education ("DOE" or "District"). I was appointed to hear this case as an Impartial Hearing Office, pursuant to the Individual with Disabilities Education Act, 20 U.S.C. § 1400 and following, and Article 89 of New York State Education Law, and respective implementing regulations. At the Pre-Hearing Conference/Pendency Hearing held on December 11, 2025, Parent, through counsel, requested an order of pendency based on the un-appealed Findings of Fact and Decision ("FOFD") dated November 9, 2019. (Ex. A)

## Findings of Fact and Decision

A child is entitled to remain in his or her placement at public expense during the pendency of an Individualized Education Program ("IEP") dispute, regardless of the merit of the child's IEP challenge or the outcome of the relevant proceedings.[2] The "pendency" provision of the IDEA requires a school district "to continue funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are complete."[3] The New York State Education Law includes a similar provision in § 404(4)(a).

The school district should not wait for a formal order from a hearing officer before implementing the student's pendency placement.[4] The pendency provision is in effect an "automatic preliminary injunction" to maintain a disabled student's educational status quo.[5] The provision is triggered immediately after a parent or guardian files a due process complaint on behalf of the Student.[6]

The pendency inquiry therefore focuses on identifying what specific services and placement are required to maintain the student's "then current educational placement" because the district must continue to finance those services and placement until the dispute is resolved. [7]

The "then current" placement is not defined in the IDEA or New York statute but has been found to mean "the last agreed upon placement at the moment when the due process

---

[2] *See Mackey ex rel. Thomas M. v. Bd. of Educ. for the Arlington Cent. Sch. Dist.,* 386 F.3d 158, 160 (2d Cir. 2004) (citing 20 U.S.C. § 1415(j)); *see also Ventura de Paulino v. New York City Dep't of Educ.,* 76 IDELR 173 (2d Cir. 2020), citing *Susquenita Sch. Dist. v. Raelee S.*, 96 F.3d 78, 83 (3d Cir. 1996).
[3] *Letter to Goldstein*, 60 IDELR 200 (OSEP 2012).
[4] *Letter to Goldstein*, 60 IDELR 200 (OSEP 2012).
[5] *Zvi D. v. Ambach*, 694 F.2d 904, 554 IDELR 226 (2d Cir. 1982).
[6] *Letter to Winston*, 213 IDELR 102 (OSEP 1987).
[7] *Zvi D., supra*, 694 F.2d 904.

proceeding is commenced.” *Arlington Cent Sch. Dist. v. L.P.*, 421 F.Supp. 2d 692. 696 (S.D.N.Y. 2006) (citing *Murphy v. Arlington Cent. Bd. of Educ.*, 86 F.Supp. 2d 354, 359 (S.D.N.Y. 200), *aff'd* 297 F.3d 195 (2002). Courts have interpreted this as meaning either: “(1) 'the placement described in the child's most recently implemented IEP'; (2) 'the operative placement actually functioning at the time when the stay put provision of the IDEA was invoked'; or (3) 'the placement at the time of the previously implemented IEP.'" *DOE v. East Lyme Bd. of Educ. et al*, 790 F.3d 440, 452 (quoting *Mackey ex rel. Thomas M. v. Bd. of Educ. for the Arlington Cent. Sch. Dist*., 386 F.3d 158, 160 [2d Cir. 2004]). However, if there is an agreement between the parties on placement during the proceedings, it need not be reduced to a new IEP, and it can supersede the prior unchallenged IEP as the then-current placement. *See* 20 U.S.C. § 1415(j); *Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 137 F. Supp. 2d 83 (N.D.N.Y.2001), *aff'd*, 290 F. 3d 476, 484 (2d Cir. 2002), *cert. denied*, 123 S. Ct. 1284 (2003).

A prior un-appealed impartial hearing officer's FOFD may establish a student's current educational placement for purposes of pendency. *Student X v. New York City Dep't of Educ.*, 51 IDELR 122 (2008), citing *Letter to Hampden*, 49 IDELR 197 (OSEP 2007). See also 34 C.F.R. § 300.518(d) and 8 NYCRR 200.5(m)(2). In addition, if “a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents” for purposes of establishing the student's current educational placement. *Schutz*, 290 F.3d at 482. Last, a pendency determination can be established by a court on appeal from an SRO decision. *Schutz*, 290 F.3d. Such decisions must be final decisions on the merits. *Student X,* 51 IDELR 122.

At the Pendency Hearing and in their written submissions, Parent asserts that pendency should be based on the un-appealed FOFD entered by a prior Impartial Hearing Officer (“IHO”) on November 9, 2019, which found Student was entitled to 40 hours weekly of 1:1 Special Education Itinerant Teachers services (“SEITs”), seven hours weekly of individual Occupational Therapy (“OT”) services incorporating Astronaut Training and Therapeutic Listening (Integrated Listening System), two hours weekly of Parent Counseling and Training (“PCAT”), two hours weekly of Board-Certified Behavior Analyst (“BCBA”) supervision, individual OT to be provided three times weekly for 45 minutes per session, individual Physical Therapy (“PT”) to be provided three times weekly for 45 minutes per session, and Speech Language Therapy (“SLT”) to be provided four times weekly for 30 minutes per session. (Ex. A-4). While District Representative argued in their written submission that the un-appealed FOFD issued on November 9, 2019, was not an order on the merits as there was no determination made on the appropriateness of the program, I do not find such argument persuasive. (IHO Ex. III-1). Indeed, based on the FOFD issued on November 9, 2019, impartial hearings took place on October 11, 2018, September 17, 2019, and September 23, 2019, and District was present at each of those hearings. (Ex. A-3). Furthermore, the FOFD states that Student was entitled to the services outlined above, and District failed to appeal such order. Moreover, while I agree with District that a previous pendency order cannot be the basis for pendency, the FOFD issued on November 9, 2019, is not

an order on pendency but a final decision. Therefore, I find Student is entitled to the services ordered in the FOFD issued on November 9, 2019. I also find, however, pendency does not concern a specific rate.

Indeed, pendency rights do not guarantee the exact same school with the exact same service providers. *T.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 171 (2d Cir. 2014). Pendency concerns the student's general program and services and does not specify a particular brick and mortar location, provider, or rate. S*cheff v. NYC Dep't of Educ.*, 2023 WL 4715174 (S.D.N.Y. 6/27/23); *T.Y. v. NYC Dep't of Educ*., 584 F.3d 412, 419 (2d Cir. 2009); *Application of a Student with a Disability*, Appeal No. 23-068, citing *Concerned Parents*, 629 F.2d at 753, 756; and *T.M.*, 752 F.3d at 171. Where a district fails to implement a student's pendency placement, students should receive the pendency services to which they were entitled as a compensatory remedy. *E. Lyme*, 790 F.3d at 456 (directing full reimbursement for unimplemented pendency services awarded because less than complete reimbursement for missed pendency services "would undermine the stay-put provision by giving the agency an incentive to ignore the stay-put obligation"); *Student X*, 2008 WL 4890440, at *25 (EDNY 2008); *Application of a Student with a Disability*, Appeal No. 23-028; 23-022.

**ORDER**

Therefore, based upon the above findings, it is hereby ORDERED, retroactive to the filing of the Due Process Complaint, October 27, 2025, Student is entitled, as a matter of pendency, to the program and related services in accordance with the un-appealed Findings of Fact and Decision dated November 9, 2019, specifically:

a. 40 hours weekly of 1:1 Special Education Itinerant Teachers services ("SEITs"); and
b. 7 hours weekly of individual Occupational Therapy ("OT") services incorporating Astronaut Training and Therapeutic Listening (Integrated Listening System); and
c. 2 hours weekly of Parent Counseling and Training ("PCAT"); and
d. 2 hours weekly of Board-Certified Behavior Analyst ("BCBA") supervision; and
e. Individual OT to be provided three times weekly for 45 minutes per session; and
f. Individual Physical Therapy ("PT") to be provided three times weekly for 45 minutes per session; and
g. Speech Language Therapy ("SLT") to be provided four times weekly for 30 minutes per session.

SO ORDERED

DATED: December 23, 2025

Melvin Dalere
Impartial Hearing Officer

**NOTICE OF RIGHT TO APPEAL**

Within 40 days of the date of the decision, the parent and/or the Public-School District has a right to appeal the decision to a State Review Officer (SRO) of the New York State Education Department under section 4404 of the Education Law and the Individuals with Disabilities Education Act.

If either party plans to appeal the decision, a notice of intention to seek review shall be personally served upon the opposing party no later than 25 days after the date of the decision sought to be reviewed.

An appealing party's request for review shall be personally served upon the opposing party within 40 days from the date of the decision sought to be reviewed. An appealing party shall file the notice of intention to seek review, notice of request for review, request for review, and proof of service with the Office of State Review of the State Education Department within two days after service of the request for review is complete. The rules of procedure for appeals before an SRO are found in Part 279 of the Regulations of the Commissioner of Education. A copy of the rules in Part 279 and model forms are available at http://www.sro.nysed.gov.

**APPENDIX A**

| Redacted Information | Term Used in Order on Pendency |
|---|---|
| Philippe Gerschel | Parent Representative |
| Valerie Davis | District Representative |
| [redacted] | Student |
| [redacted] | Parent |

## APPENDIX B

### PARENT EXHIBITS

| Exhibit | Title | Date | Pages |
|---|---|---|---|
| A | FOFD Case# 174703 | 11/9/2019 | 7 |
| B | SRO Appeal No. 24-636 | 8/8/2025 | 12 |
| C | 226491 Pendency Order | 11/19/2022 | 5 |
| D | Request for Review SRO Appeal No. 24-636 | 12/22/2024 | 10 |
| E | Pendency Order 294933 | 5/20/2025 | 5 |

### DISTRICT EXHIBITS

| Exhibit | Title | Date | Pages |
|---|---|---|---|
| 1 | FOFD 172725 | 4/20/2018 | 14 |
| 2 | FOFD 174703 (*Marked for Identification Only and Withdrawn*) | 11/9/2019 | 7 |

### IHO EXHIBITS

| Exhibit | Title | Date | Pages |
|---|---|---|---|
| I | Due Process Complaint | 10/27/2025 | 15 |
| II | Brief in Support of Pendency | 11/6/2025 | 5 |
| III | District's Opposition to Parent's Request for Pendency | 11/18/2025 | 2 |
| IV | Parent's Reply to District's Opposition on Pendency | Undated | 6 |