The City of New York
Law Department
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**Jordan Doll**
Assistant Corporation Counsel
Phone: (212) 356-2624

July 20, 2026

**BY ECF**
Judge Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *A.H., et al v. City of New York, et al.*
1:26-cv-05926 (MMG)

Your Honor:

This Office represents Defendants in the above-referenced matter. I write to request a three-business day extension of the parties' briefing schedule. Plaintiff objects to this request.

Plaintiff brings this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. seeking emergency relief in connection with allegedly outstanding pendency payments. *See e.g.*, ECF Nos. 1, 7-10. This Court denied Plaintiff's motion for a Temporary Restraining Order ("TRO"), but set an expediated briefing schedule to address Plaintiff's pending motion for a preliminary injunction. ECF No. 11.

I was only just assigned this matter, and have several Court deadlines in other cases this week that I am unable to reschedule. The additional time is requested to evaluate Plaintiff's allegations, confer with my client, and submit an appropriate response.

Plaintiff objects to this request because of further delay to any allegedly owed payments. However, as this Court correctly noted when denying Plaintiff's request for a TRO, ECF Nos. 7-10, payments allegedly ceased in December, 2025, and the Student's educational services allegedly ended, at the earliest, on January 1, 2026 and, at the latest, in May, 2026. ECF No. 10, Memorandum of Law in Support of Emergency Motion, at 2 (alleging that PCAT and BCBA stopped on December 31, 2025; SLT stopped in January 2026; enhanced OT and PT stopped in March 2026; and SEIT, individual OT, and the balance of enhanced OT stopped in May 2026). Despite this, Plaintiff waited until July 16, 2026 to seek emergency relief. *See* ECF No. 11, July

16, 2026 Court Order (noting that the Plaintiff's delay in seeking a TRO after being put on notice of the alleged harm is compelling evidence that there is no irreparable harm and citing cases). Given that Plaintiff, based upon their own pleadings, waited over six months since all funding and certain services ceased, and a month and a half since all services ended, it is respectfully submitted that a several day delay in resolving the pending motion will cause, at most, *de minimums* prejudice to Plaintiff.

If granted, the extended briefing schedule would be as follows:

Defendants' Response to Plaintiff's Motion: July 27, 2026
Plaintiff's Reply: July 30, 2026

If the Court grants a modification of the briefing schedule, Defendants similarly request that the hearing upon the pending motion be rescheduled from July 30, 2026 until August 6, 2026, or a date thereabout that is convenient to the Court. However, I request the hearing not be rescheduled between August 3 – 5 because I have previously scheduled vacation during those dates.

This is Defendants' first request to extend the briefing schedule.

Defendants thank the Court for considering this request.

Respectfully submitted,

**[ECF] /s/**
Jordan Doll
Assistant Corporation Counsel