**LAURA D. BARBIERI, PLLC**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/21/2026

July 21, 2026

**BY ECF**

Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** *A.H., individually and on behalf of N.H. v. Board of Education of the City School District of the City of New York, et al.*, No. 1:26-cv-05926 (MMG)

Dear Judge Garnett:

Plaintiffs respectfully submit this combined submission (1) in opposition to Defendants' July 20, 2026 letter-motion (ECF No. 13) to extend the briefing schedule and adjourn the July 30, 2026 hearing, and (2) as a request for limited reconsideration or clarification of the Court's July 16, 2026 Order (ECF No. 11), pursuant to Federal Rule of Civil Procedure 54(b) and Local Civil Rule 6.3. Plaintiffs do not seek to reargue the merits of their preliminary-injunction motion or to have the Court calculate historical invoices. They ask the Court to reconsider only the inference that the interval before filing negated immediate irreparable harm, and to enter the narrow prospective relief the existing papers already request; alternatively, they ask the Court to clarify that ECF No. 11 did not determine that N.H.'s continuing, total loss of services is harmless, and to preserve the July 30 hearing. Both requests turn on a single point of law: the enforcement of a child's pendency placement under 20 U.S.C. § 1415(j) is governed by the stay-put provision's automatic-injunction rule–and, even under the discretionary standard, the record establishes a present, ongoing, and irreparable injury.

Plaintiffs recognize that Local Civil Rules 6.3 and 7.1 ordinarily contemplate a notice of motion and a supporting memorandum, and that the letter-motion form is generally reserved for nondispositive matters unless the Court authorizes otherwise. Because ECF No. 13 requires an immediate response and the two matters overlap, Plaintiffs respectfully request that the Court accept this submission as Plaintiffs' Rule 6.3 memorandum and waive a separate notice of motion, or permit formal Rule 6.3 papers to be filed forthwith without altering the July 30 hearing. This request is timely, having been made within fourteen days of the July 16, 2026 Order, and Plaintiffs rely solely on the existing record.

## I. Limited Reconsideration or Clarification Is Warranted.

### A. The Governing Standard.

An interlocutory order may be revised at any time before final judgment. Fed. R. Civ. P. 54(b). Reconsideration is appropriately narrow and is warranted where the movant identifies controlling decisions or record facts the court overlooked that might reasonably be expected to


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com

alter the result, *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), or where it is needed to correct clear error or prevent manifest injustice, *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Both grounds are present.

**B. Pendency Enforcement Is Governed by the Stay-Put Provision's Automatic-Injunction Rule, Which the Order Did Not Address.**

In declining to enter emergency relief, the Court reasoned that Plaintiffs' delay in seeking relief was compelling evidence against irreparable harm. ECF No. 11 at 1–2 (citing *Shenzhen Chengront Tech. Co. v. Besign Direct*, 2022 WL 17741496 (S.D.N.Y. Dec. 9, 2022)). That principle belongs to the discretionary, four-factor standard that governs ordinary preliminary relief; it does not govern the enforcement of pendency. The Second Circuit has long held that the IDEA's stay-put provision operates as an automatic injunction that "substitutes an absolute rule in favor of the status quo" for the court's discretionary consideration of irreparable harm and likelihood of success. *Zvi D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982); accord *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195 (2d Cir. 2002). A party enforcing pendency therefore "need not meet the requirements for injunctive relief such as irreparable harm, likelihood of success on the merits, and a balancing of the hardships." *Bd. of Educ. of Poughkeepsie City Sch. Dist. v. O'Shea*, 353 F. Supp. 2d 449, 455–56 (S.D.N.Y. 2005); see *Honig v. Doe*, 484 U.S. 305, 323 (1988). Because pendency vests by operation of the statute to preserve the status quo, a plaintiff's pre-filing delay cannot defeat it, and the inference on which the Order rested is displaced.

**C. This Is a Services-Cessation Case in Which the Placement Has Collapsed; the Harm Is Present and Irreparable Even Under the Traditional Standard.**

The automatic-injunction rule yields only where the dispute concerns funding alone–where the child continues to receive his program and the parties contest only who pays. *Mendez v. Banks*, 65 F.4th 56, 61–64 (2d Cir. 2023). *Mendez* denied accelerated payment because no school or provider indicated that the students' placements or services were in danger, and it distinguished cases in which delayed payment threatened to force providers to discontinue services. *Id.* [*Ramos v. Samuels* recently reiterated that DOE need not circumvent ordinary payment procedures absent a showing that nonpayment has jeopardized the child's placement. No. 25-1321, 2026 WL 1346852, at *2–3 (2d Cir. May 14, 2026) (summary order).] Here, that showing is neither predictive nor generalized–the feared event has already occurred. Speech-language therapy stopped in January 2026; enhanced OT and PT stopped in March; SEIT, individual OT, and the balance of enhanced OT stopped in May; and PCAT and BCBA supervision were not delivered after December 31, 2025. No component of N.H.'s program is currently being delivered. Barbieri Decl. ¶¶ 31–32; A.H. Decl. ¶¶ 30–33.

The emergency is thus not the collection of arrears. N.H.'s existing providers will resume without first receiving historical payment, but they will not resume without effective prospective authorization and funding from DOE. Barbieri Decl. ¶ 34; A.H. Decl. ¶ 34. Plaintiffs have expressly separated prospective implementation from any later verification of completed services;


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com

the requested relief would restore the educational placement, not accelerate an ordinary receivable. The monetary-remedy rationale that applies when services continue therefore does not answer this record.

The loss, moreover, is child-specific and noncompensable. N.H.'s 2019 Program is an integrated, twelve-month array designed to produce meaningful progress and avoid substantial regression. Since the services stopped, his language, motor-planning, sensory-processing, self-regulation, behavioral, and instructional needs have gone unaddressed, and the cumulative deprivation is causing educational regression, loss of educational opportunity, and developmental delay that later payment cannot restore. A.H. Decl. ¶¶ 41–48; see *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 456 (2d Cir. 2015) (damages unavailable for a stay-put violation, leaving only reimbursement and prospective compensatory education, which confirms that the present loss cannot be undone). The deprivation of mandated educational services itself is a recognized irreparable harm. See *D.D. ex rel. V.D. v. N.Y.C. Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006). A court in this District has squarely rejected the argument Defendants press here–that a child who has already gone without services suffers no irreparable harm from further delay–holding that past violations cannot justify prolonging the deprivation. *J.Z. v. N.Y.C. Dep't of Educ.*, No. 23 Civ. 9779 (DEH), ECF No. 35, at 12–14 (S.D.N.Y. Apr. 26, 2024). That reasoning answers Defendants' assertion that another week of total service loss is de minimis.

### D. The Relief Requested.

Each additional week compounds an uncompensable loss. Plaintiffs respectfully request that the Court reconsider its July 16, 2026 Order and direct DOE, within five business days, either (i) to issue usable prospective authorizations to the identified providers at the rates required by the 2019 FOFD and to fund the immediate resumption of each component of N.H.'s program, or (ii) to identify qualified alternative providers who have accepted N.H.'s case and will begin each component by that deadline. Historical charges may remain subject to ordinary proof and verification. If the Court prefers to await Defendants' response before entering that relief, Plaintiffs request, in the alternative, that the Court clarify that ECF No. 11 was a pre-response ruling that did not determine irreparable harm for the pending preliminary-injunction motion or establish that further delay is nonprejudicial.

## II. The Filing Interval Does Not Convert an Ongoing Deprivation Into a Non-Emergency.

Defendants conflate the December 31, 2025 funding lapse with the later collapse of the program. Several providers continued at their own risk–mitigating DOE's default–until the final components stopped in May 2026. Plaintiffs filed approximately six weeks after that complete interruption, not six months after it began. A parent's and providers' efforts to preserve services should not inure to DOE's benefit by making the resulting emergency appear older than it is.

Delay is contextual, not categorical, and bears on irreparable harm only where it is unexplained. *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995). The


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com

Second Circuit excuses a short interval attributable to a plaintiff's good-faith efforts to investigate and evaluate the claim, *Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 144–45 (2d Cir. 2005), and district courts find such delay reasonable where it reflects investigation of the facts and law and the retention of counsel, *Marks Org., Inc. v. Joles*, 784 F. Supp. 2d 322, 333–34 (S.D.N.Y. 2011). The authorities cited in ECF No. 11 are materially different: *Shenzhen Chengront* involved a ten-month delay in a commercial dispute after the plaintiff knew of the alleged infringement, 2022 WL 17741496, at *1, and *Dolce v. Certified Luxury Motors* involved an ex parte consumer action and speculative injury, 2025 WL 1184076, at *2. Neither involved a child currently receiving none of an adjudicated twelve-month special-education program. In all events, because N.H. is deprived of his services anew each day, the harm is ongoing and prospective, and past timing cannot answer it.

## III. The Extension Should Be Denied or Narrowed to Preserve the July 30 Hearing.

Plaintiffs recognize that Rule 6(b)(1)(A)'s good-cause standard is flexible and that timely extension requests are ordinarily granted absent bad faith or prejudice. *Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021). Here, however, the record establishes concrete prejudice. Defendants seek not only three additional business days to respond but also to move the July 30 hearing to August 6 or later–adding at least a full week during which N.H. receives no pendency services–and thereby to displace the expedited schedule the Court adopted after expressly recognizing the need for prompt resolution. ECF No. 11 at 1–2.

Defendants also had advance notice. On July 15, 2026, the undersigned notified the Law Department's Chief of the General Litigation Division, Peter Farrell, of the emergency application and requested the assignment of counsel; Plaintiffs served the complete application the following day, again requesting assignment. Barbieri Decl. ¶¶ 5–7. Plaintiffs do not question assigned counsel's good faith or minimize her other obligations. But the reason offered is internal assignment and coverage; the Law Department reported in early 2026 that it employs roughly 785 assistant corporation counsel, and its institutional assignment timing should not transfer another week of complete service loss to N.H., particularly where Defendants do not explain why the July 30 hearing cannot remain in place. If the Court grants any additional time, Plaintiffs can reply by July 29 on a July 27 response, or the Court could set a July 24 response and a July 28 reply–either of which preserves the July 30 hearing.

## Conclusion

For these reasons, Plaintiffs respectfully request that the Court: (1) accept this submission as a combined Rule 6.3 memorandum and opposition, or permit formal reconsideration papers forthwith without altering the July 30 hearing; (2) reconsider the July 16, 2026 Order and grant the limited prospective relief described above, or, in the alternative, clarify that ECF No. 11 did not determine irreparable harm for the pending preliminary-injunction motion; and (3) deny Defendants' request to extend the schedule and adjourn the hearing. At a minimum, the Court should preserve the July 30, 2026 hearing. Plaintiffs thank the Court for its consideration.


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com

Respectfully submitted,

/s/ Laura D. Barbieri
Laura D. Barbieri, Esq.
The Law Office of Laura D. Barbieri, PLLC
Counsel for Plaintiffs

cc: Jordan Doll, Assistant Corporation Counsel (by ECF)

Nothing in this submission changes the Court's determination that granting emergency relief, prior to hearing from the Defendants, is unwarranted here. The Order at Dkt. No. 11, however, did not determine the issue of irreparable harm for the pending preliminary injunction motion: any decision in that Order is correctly understood to address only whether sufficient immediate and irreparable harm had been alleged to overcome the usual rule that relief should not be granted without affording the opposing party an opportunity to respond and be heard.

Balancing the administrative concerns expressed by Defendants in their letter-motion at Dkt. No. 13 with prejudice to Plaintiffs in any further delay, the letter-motion at Dkt. No. 13 is GRANTED in part and DENIED in part. The schedule for briefing on the preliminary injunction is modified as follows: Defendants' opposition shall be due by **July 27, 2026**, and Plaintiffs' reply, if they wish to file one, shall be due by **July 29, 2026**, at **3:00 p.m**. The hearing will remain on **July 30, 2026**, at **11:00 a.m.**, as scheduled.

SO ORDERED. Dated July 21, 2026.



HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com