UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

A.H., individually and on behalf of N.H., a student with a disability;

Plaintiffs,

- against -

The Board of Education of the City School District of the City of New York, the New York City Department of Education, a/k/a New York City Public Schools, the City of New York, and Chancellor Kamar H. Samuels, in his official capacity,

Defendants.
----------------------------------------------------------------------X

**ANSWER TO THE COMPLAINT**

26-cv-05926 (MMG)

The Board of Education of the City School District of the City of New York, the New York City Department of Education ("DOE"), a/k/a New York City Public Schools, the City of New York, and Chancellor Kamar H. Samuels, in his official capacity (together, "DOE" or "Defendants"), for their Answer to the Complaint, dated July 14, 2026 (ECF No. 1), respectfully set forth as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that N.H. (the "Student") had been classified with a disability under the Individuals with Disabilities Education Act ("IDEA") U.S.C. 20 §§1400, *et seq.*, in a prior school year, and that Plaintiffs purport to proceed as set forth therein, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that the Student had been classified with a disability under the IDEA in a prior school year, and

respectfully refer the Court to the authorities cited therein for a complete and accurate statement of their contents.

3. Deny the allegations set forth in paragraph "3" of the Complaint.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that Defendants did not administratively appeal the 2019 Findings of Fact and Decision ("FOFD") referenced therein ("2019 FOFD"), and respectfully refer the Court to the 2019 FOFD for a complete and accurate statement of its contents.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that a Due Process Complaint ("DPC") assigned case number 307092 was filed on behalf of the Student on or about December 31, 2025, and respectfully refer the Court to the DPC referenced therein for a complete and accurate statement of its contents.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except affirmatively state, upon information and belief, that Defendants issued payment for certain services for the Student.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Plaintiffs purport to invoke the Court's jurisdiction as set forth therein, and respectfully refer the Court to the full text of the statutes cited therein and refer all questions of law to the Court.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Plaintiffs purport to invoke the Court's jurisdiction as set forth therein, and respectfully refer the Court to the full text of the statutes cited therein and refer all questions of law to the Court.

14. Deny the allegations set forth in paragraph "14" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that the a DPC given case number 307092 is proceeding administratively, and respectfully refer the Court to the DPC referenced therein for a complete and accurate statement of its contents.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Plaintiffs seek to lay venue in the Southern District of New York and that Defendants maintain an office at 52 Chambers Street, New York, NY 10007, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that the Student had been classified with a disability under the IDEA in a prior school year.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that the Student had been classified with a disability under the IDEA in a prior school year.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that the Student had been classified with a disability under the IDEA in a prior school year, and respectfully refer the Court to Section 504 of the Rehabilitation Act ("Section 504") for a complete and accurate statement of its provisions.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

25. Deny the allegations set forth in paragraph "25" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

28. Deny the allegations set forth in paragraph "28" of the Complaint, and respectfully refer the Court to Article 52-A of N.Y. Educ. Law for a complete and accurate statement of the responsibilities and obligations of Defendants.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that Defendants maintain an office at 52 Chambers Street, New York, NY 10007.

31. Deny the allegations set forth in paragraph "31" of the Complaint, and respectfully refer the Court to the authorities cited therein for a complete and accurate statement of their contents.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that the New York City Board of Education employs a staff.

33. Deny the allegations set forth in paragraph "33" of the Complaint, and respectfully refer the Court to Article 52-A of N.Y. Educ. Law for a complete and accurate statement of the obligations and responsibilities of Defendants.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that Defendants maintain an office at 52 Chambers Street New York, NY 10007.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint, and respectfully refer the Court to 1415(j) for a complete and accurate statement of its provisions and an accurate description of IDEA's "stay-put" rights.

41. Deny the allegations set forth in paragraph "41" of the Complaint, except admit that the City of New York is a named party in this action.

42. Deny the allegations set forth in paragraph "42" of the Complaint, except admit that Defendant Kamar H. Samuels is the current Chancellor of the New York City Department of Education, and respectfully refer the Court to Article 52-A of N.Y. Educ. Law for a complete and accurate statement of the obligations and responsibilities of Defendants.

43. Deny the allegations set forth in paragraph "43" of the Complaint, and respectfully refer the Court to Article 52-A of N.Y. Educ. Law for a complete and accurate statement of the obligations and responsibilities of Defendants.

44. Deny the allegations set forth in paragraph "44" of the Complaint, except admit that Plaintiffs purport to use "the Chancellor" and "the DOE" interchangeably.

45. Deny the allegations set forth in paragraph "45" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

46. Deny the allegations set forth in paragraph "46" of the Complaint, except admit that Plaintiffs purport to refer to the parties referenced therein as "Defendants" or the "DOE Defendants."

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint, and respectfully refer the Court to the IDEA and implementing New York state law for a complete and accurate statement of what constitutes a Local Education Agency ("LEA") and LEAs' obligations to provide a free and appropriate public education ("FAPE").

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint, except admit that the Student had been classified with a disability under the IDEA in a prior school year.

52. Deny the allegations set forth in paragraph "52" of the Complaint, and respectfully refer the Court to the 2019 FOFD referenced therein for a complete and accurate statement of its findings.

53. Deny the allegations set forth in paragraph "53" of the Complaint, except admit that Defendants did not administratively appeal the 2019 FOFD.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint, except admit that Plaintiffs' local Committee on Special Education ("CSE") developed an Individualized Education Services Program ("IESP") for the Student in March, 2023.

56. Deny the allegations set forth in paragraph "56" of the Complaint, except admit that the CSE did not develop an IEP or IESP for the Student for the 25-26 SY.

57. Deny the allegations set forth in paragraph "57" of the Complaint, except admit, upon information and belief, that the Student attends a non-public school outside of New York City.

58. Deny the allegations set forth in paragraph "58" of the Complaint, except admit that the Parent purported to email Defendants a "Ten Day Notice" on or about September 15, 2025, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

59. Deny the allegations set forth in paragraph "59" of the Complaint, except admit that a DPC assigned case number 303474 was filed on behalf of the Student.

60. Deny the allegations set forth in paragraph "60" of the Complaint, except affirmatively state, upon information and belief, that Defendants issued payment for certain services for the Student in 2025.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except affirmatively state, upon information and belief, that Defendants issued payment for certain services for the Student.

62. Deny the allegations set forth in paragraph "62" of the Complaint, except affirmatively state, upon information and belief, that Defendants issued payment for certain services for the Student.

63. Deny the allegations set forth in paragraph "63" of the Complaint, except affirmatively state, upon information and belief, that Defendants issued payment for certain services for the Student, and deny knowledge or information sufficient to form a belief as to the truth of any communications Plaintiffs may have had with the Student's purported service providers.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint, except admit that a DPC given case number 307092 was filed on behalf of the Student on or about December 31, 2025 and that this DPC was later amended, and respectfully refer the Court to the DPC referenced therein for a complete and accurate statement of its contents.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint, except admit that Defendants objected to further payments for any services for the Student because Defendants had no legal obligation to fund the Student's special education services.

68. Deny the allegations set forth in paragraph "68" of the Complaint, and respectfully refer the Court to the transcript of the pendency hearing referenced therein for a complete and accurate statement of Defendants' representative's statements.

69. Deny the allegations set forth in paragraph "69" of the Complaint, except admit that the Pendency Order, dated May 28, 2026, referenced therein denied the Student pendency, and

respectfully refer the Court to the Pendency Order for a complete and accurate statement of its contents.

70. Deny the allegations set forth in paragraph "70" of the Complaint, and refer all questions of law to the Court.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint, except admit that an FOFD in case number 307092 was issued on or about June 15, 2026, and respectfully refer the Court to the FOFD referenced therein for a complete and accurate statement of its contents.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint, and respectfully refer all questions of law to the Court.

77. Deny the allegations set forth in paragraph "77" of the Complaint, and respectfully refer all questions of law to the Court.

78. Deny the allegations set forth in paragraph "78" of the Complaint, and respectfully refer all questions of law to the Court.

79. Deny the allegations set forth in paragraph "78" of the Complaint, and respectfully refer all questions of law to the Court.

80. Deny the allegations set forth in paragraph "80" of the Complaint, and respectfully refer all questions of law to the Court.

81. Deny the allegations set forth in paragraph "81" of the Complaint, and respectfully refer all questions of law to the Court.

82. Deny the allegations set forth in paragraph "82" of the Complaint, and respectfully refer all questions of law to the Court.

83. Deny the allegations set forth in paragraph "83" of the Complaint, and respectfully refer all questions of law to the Court.

84. Deny the allegations set forth in paragraph "84" of the Complaint, and respectfully refer all questions of law to the Court.

85. Deny the allegations set forth in paragraph "85" of the Complaint, and respectfully refer all questions of law to the Court.

86. Deny the allegations set forth in paragraph "86" of the Complaint, and respectfully refer all questions of law to the Court.

87. Deny the allegations set forth in paragraph "87" of the Complaint, and respectfully refer all questions of law to the Court.

88. Deny the allegations set forth in paragraph "88" of the Complaint, and respectfully refer all questions of law to the Court.

89. Deny the allegations set forth in paragraph "89" of the Complaint, and respectfully refer all questions of law to the Court.

90. Deny the allegations set forth in paragraph "90" of the Complaint, and respectfully refer all questions of law to the Court.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Defendants repeat, reallege, and incorporate by reference each and every response set forth in paragraphs "1" through "92" of this Complaint as though fully set forth herein.

94. Deny the allegations set forth in paragraph "94" of the Complaint, except admit that the Student has been classified disability under the IDEA in a prior school year.

95. Deny the allegations set forth in paragraph "95" of the Complaint, and respectfully refer all questions of law to the Court.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint, except affirmatively state, upon information and belief, that Defendants issued payment for certain services for the Student.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint, and respectfully refer all questions of law to the Court.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Defendants repeat, reallege, and incorporate by reference each and every response set forth in paragraphs "1" through "105" of this Complaint as though fully set forth herein.

107. Deny the allegations set forth in paragraph "107" of the Complaint, and respectfully refer the Court to the IDEA and implementing New York state law for a complete and accurate statement of under what circumstances the Student may be eligible for a FAPE.

108. Deny the allegations set forth in paragraph "108" of the Complaint, except affirmatively state, upon information and belief, that as of August 2026 the DOE has reached out to the Parent to develop an IEP.

109. Deny the allegations set forth in paragraph "109" of the Complaint, and respectfully refer the Court to the June 15, 2026 FOFD for a complete and accurate statement of its contents.

110. Deny the allegations set forth in paragraph "110" of the Complaint, and respectfully refer all questions of law to the Court.

111. Defendants repeat, reallege, and incorporate by reference each and every response set forth in paragraphs "1" through "110" of this Complaint as though fully set forth herein.

112. Deny the allegations set forth in paragraph "112" of the Complaint, except admit that Defendants receive federal funding in connection with their obligations pursuant to IDEA.

113. Deny the allegations set forth in paragraph "113" of the Complaint, except admit that the Student had been classified with a disability under the IDEA in a prior school year.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

116. Deny the allegations set forth in paragraph "116" of the Complaint.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

118. Deny the allegations set forth in paragraph "118" of the Complaint.

119. Deny the allegations set forth in paragraph "119" of the Complaint.

120. Deny the allegations set forth in paragraph "120" of the Complaint.

121. Deny the allegations set forth in paragraph "121" of the Complaint.

122. Defendants repeat, reallege, and incorporate by reference each and every response set forth in paragraphs "1" through "121" of this Complaint as though fully set forth herein.

123. Deny the allegations set forth in paragraph "123" of the Complaint.

124. Deny the allegations set forth in paragraph "124" of the Complaint.

125. Deny the allegations set forth in paragraph "125" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

126. Deny the allegations set forth in the "Prayer for Relief," paragraphs "1" through "10," of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

127. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

128. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

129. At all times relevant to the acts alleged in the Complaint, Defendants' actions were reasonable, proper, lawful, made in good faith, and without malice.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

130. To the extent that the Student has incurred any harm, that harm was caused in whole or in part by Plaintiffs' and/or their representatives.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

131. Defendants have no legal obligation to pay for services for the Student because the Student has an IESP and attends a non-public school outside of New York City.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

132. The Student has opted out of the FAPE-framework by attending private school at Plaintiffs' expense.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

133. The Student is not entitled to pendency pursuant to 1415(j).

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

134. The Court should not, pursuant to 1415(i) or any other authority that grants the Court equitable powers, grant Plaintiffs relief.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

135. This Court lacks subject matter jurisdiction over any state law claims in the Complaint, including but not limited to claims arising out of IESPs.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

136. One or more of Plaintiffs' claims are moot.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

137. Plaintiffs are not entitled to recover attorneys' fees, costs, and expenses for their claims in this action, or for any legal work performed in connection with any underlying administrative proceeding.

## CONCLUSION

Defendants request that the Complaint be dismissed in its entirety, and that Defendants be granted any further relief that the Court deems just and proper.

Dated: New York, New York
August 26, 2026

**STEVEN BANKS**
*Corporation Counsel*
*of the City of New York*
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 356-2624
jdoll@law.nyc.gov

/s/ *Jordan Doll*
**JORDAN DOLL**
Assistant Corporation Counsel

TO: (Via ECF)
All Counsel of Record