**LAURA D. BARBIERI, PLLC**

August 29, 2026

BY ECF
Judge Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *A.H., et al. v. City of New York, et al.*
26-cv-05926 (MMG)

Dear Judge Garnett:

I write as counsel to Plaintiffs pursuant to the Court's Order, Dkt. 5, and again, apologize for submitting two letters instead of a joint submission.

Concerning Defendants' submission, Dkt. 31, Defendants' again misstate the nature of Plaintiffs' requested relief as solely concerning payments for services. *Id.* Plaintiffs reiterate, the action commenced by Plaintiffs primarily concerns the failure of Defendants to implement or authorize necessary special education services for N.H., or, more urgently, provide a public school placement for N.H. Plaintiffs have been and are continuing to attempt to schedule an IEP meeting with the CSE, and, as a result of both parties' vacation schedules (i.e., Plaintiffs' as well as those of the members of the CSE), have yet been able to successfully do so. Plaintiffs are advised that a CSE meeting will most likely occur the week of August 31, 2026, and they look forward to this opportunity to ensure an appropriate public school placement and necessary special education services for N.H.

Concerning needed discovery, Plaintiffs do suggest that targeted discovery is necessary and appropriate, particularly given that Defendants precipitously and inappropriately discharged N.H. without an investigation or the due process to which he and his family were entitled. Plaintiffs would seek discovery, including but not limited, any communications or information by or between Defendants concerning the determination to discharge N.H., along with any documents or information concerning Defendants' refusal to provide N.H. with necessary special education services. Such documents and/or information would be integral to Plaintiffs' ability to prove their claims. Further, Plaintiffs see no reason or impediments to commencing discovery now rather than waiting for the Court's determination on Plaintiffs' motion for partial consideration. If granted, Plaintiffs would simply expand discovery accordingly, but delays serve no purpose and instead, merely and unnecessarily delay the ultimate resolution of Plaintiffs' claims.


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com

# LAURA D. BARBIERI, PLLC

Plaintiffs respectfully request an approximate one week extension of time from August 26, 2026 to September 4, 2026 to provide the parties' with a mutually convenient opportunity, during the week of August 31, 2026, to meet and confer concerning a case management order and to submit same promptly to the Court for its consideration.

Thank you for your attention and courtesies, and we again apologize for the submission of individual status reports.

Respectfully submitted,

/s/ *Laura Dawn Barbieri*
Laura Dawn Barbieri
Counsel for Plaintiffs

cc: all counsel of record by ecf

Because Plaintiffs intend to seek discovery, Defendants' motion to stay any summary judgment briefing at Dkt. No. 31 is DENIED without prejudice to renewal at the appropriate time, if any. The request for extension of time to meet and confer, Dkt. No. 34, is GRANTED and the parties are ORDERED to submit a proposed case management plan for discovery and a further joint status letter by September 9, 2026.

SO ORDERED. Dated September 1, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com