26-cv-05926 (MMG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A.H., individually and on behalf of N.H., a student with a disability;

*Plaintiffs*,

- against –

THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF EDUCATION A/K/A NEW YORK CITY PUBLIC SCHOOLS, CITY OF NEW YORK, CHANCELLOR KAMAR H. SAMUELS in his official capacity,

*Defendants*.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

*STEVEN BANKS*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Jordan Doll*
*Tel: (212) 356-2624*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

LEGAL STANDARD ........ 2

FACTS ........ 3

ARGUMENT ........ 4

POINT I

PLAINTIFFS FAILED TO IDENTIFY ANY NOVEL LEGAL ARGUMENT OR FACT TO SATISFY THE STRICT STANDARD WARRANTING RECONSIDERATION ........ 4

A. Plaintiffs' Motion Fails as a Matter of Law ........ 4

B. Plaintiffs' Purported Interest in "Payments made in error" is a Red Herring ........ 5

C. Plaintiffs' Legal Arguments are Meritless and not Properly Before the Court ........ 8

D. No Manifest Justice has Occurred ........ 10

CONCLUSION ........ 11

CERTIFICATION ........ 13

# TABLE OF AUTHORITIES

**Cases** **Pages**

*In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001*,
No. 2 Civ. 3143, 2007 WL 4563485 (S.D.N.Y. Dec. 18, 2007)....10

*Alexander v. The Turner Corp.*,
No. 00 Civ. 4677, 2001 U.S. Dist. LEXIS 14559 (S.D.N.Y. Sept. 10, 2001)....2

*Almonte v City of Long Beach*,
No. CV 04-4192 (JS) (JO), 2005 US Dist LEXIS 37528
(E.D.N.Y. Aug. 16, 2005)....5

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
684 F.3d 36 (2d Cir. 2012), *as amended* (July 13, 2012)....8

*Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*,
948 F.2d 111 (2d Cir. 1991)....6

*CHO V. BLACKBERRY LTD.*,
991 F.3D 155 (2D CIR. 2021)....1

*City of New York v. Milhelm Attea & Bros., Inc. et al*,
591 F. Supp. 2d 234 (E.D.N.Y. 2008)....5

*COHEN V. JAMISON*,
NO. 23 CIV. 1304 (LTS), 2023 WL 3412762 (S.D.N.Y. MAY 12, 2023)....5

*Cordero v. Astrue*,
2008 U.S. Dist. LEXIS 52711 (S.D.N.Y. July 7, 2008)....3

*Doe v. E. Lyme Bd. of Educ.*,
790 F.3d 440 (2d Cir. 2015)....4, 5

*Gonzalez-Blanco v Bank of Am., N.A.*,
2012 US Dist LEXIS 432 (S.D.N.Y. Jan. 3, 2012)....8

*Hunt v. Enzo Biochem, Inc.*,
2007 U.S. Dist. LEXIS 34715, 2007 WL 1346652 (S.D.N.Y. May 7, 2007)....8

*Idowu v. Middleton*,
No. 12 Civ. 1238, 2013 U.S. Dist. LEXIS 13843, 2013 WL 371657
(S.D.N.Y. Jan. 31, 2013)....10

*Merced Irrigation Dist. v. Barclays Bank PLC*,
178 F. Supp. 3d 181 (S.D.N.Y. 2016)....3

**Cases** **Pages**

*Mullins v. City Of New York*,
626 F.3D 47 (2D CIR. 2010) ....................6

*Saenz v. Lucas*,
2008 U.S. Dist. LEXIS 69571 (S.D.N.Y. Sept. 12, 2008)....................8

*Shrader v. CSX Transp.*,
70 F.3d 255 (2d Cir. 1995)....................3

*Tradition Chile Agentes de Valores Ltda. v. ICAP Sec. USA LLC*,
2011 WL 181735, 2011 U.S. Dist. LEXIS 4762 (S.D.N.Y. Jan. 11, 2011) ....................8

*United States v. M/Y Amadea*,
2025 U.S. Dist. LEXIS 228494 (S.D.N.Y. Nov. 20, 2025) ....................10

*Ventura de Paulino v. N.Y.C. Dep't of Educ.*,
959 F.3d 519 (2d Cir. 2020)....................4, 5, 9

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
956 F.2d 1245 (2d Cir. 1992)....................3, 4

*Walsh v. WOR Radio*,
537 F. Supp. 2d 553 (S.D.N.Y. 2008), *aff'd*, 326 F. App'x 589 (2d Cir. 2009)....................8

*Watchers Int'l, Inc. v. Luigino's, Inc.*,
423 F.3d 137 (2d Cir. 2005)....................10

*In re Worldcom, Inc. Sec. Litig.*,
308 F. Supp. 2d 214 (S.D.N.Y. 2004)....................3

**Statutes**

Fed. R. Civ. P. 59(e) ....................2, 3

Local Civil Rule 6.3 ....................2, 3

N.Y. EDUC. LAW 3602-C....................2

N.Y. Educ. Law § 3602-c(2)....................7

**PRELIMINARY STATEMENT**

Defendants (interchangeably, the New York City Department of Education ("DOE")) submit this memorandum of law in opposition to Plaintiffs' motion for partial reconsideration of this Court's Order, granting in part and denying in part, Plaintiffs' request for a Preliminary Injunction ("PI"). Court Order on Preliminary Injunction, August 4, 2026, ECF No. 21 ("Court Order"). Plaintiffs (interchangeably, "Parent") seek reconsideration of Point IV of the Court Order, which found that pendency under 1415(j) of the Individuals with Disabilities Education Act ("IDEA") does not extend to N.H.'s (the "Student") current educational placement. Court Order, at 7-10.

Plaintiffs seek reconsideration on two grounds. First, Plaintiffs argue that the factual basis of the Court's ruling is wrong because it relies on an unsworn statement by defense counsel attesting that the DOE issued certain payments for the Student's equitable services in error when it had no legal obligation to fund these services.

Plaintiffs' second argument seems intentionally tangled. Plaintiffs appear to argue that, because the ordered equitable services remained the same from the 2019 Findings of Fact and Decision ("FOFD") until the date the most recent Due Process Complaint ("DPC") (filed December 31, 2025 and amended February 2, 2026), that it remained the Student's operative placement for purposes of 1415(j) regardless of where the Student attended school and, it purportedly follows, the DOE is obligated to fund the Student's equitable services continuously.

Plaintiffs fail to meet the strict standard for a motion for reconsideration, which requires the moving party to identify "controlling decisions or data that the court overlooked." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). Plaintiffs put forth no new facts or controlling legal authority not already briefed in their moving papers for a preliminary injunction or discussed at oral argument. Memorandum of Law in Support of Plaintiffs' Motion for Partial

Reconsideration, ECF No. 26, August 18, 2026 ("Pl. Mot."); Transcript of Oral Argument, July 30, 2026 ("Tr.") (attached hereto as Exhibit A).

The factual grounds for reconsideration misses the forest for the trees. The Court's ruling was not premised on a single factual point in the record. The parties and the Court noted that adjudicating the PI was challenging because of the record's complexity and breadth. Even so, the fact that Defendants made payment in error is not controlling of the Court's decision; the reason Defendants made payments does not change their legal obligation to fund the Student's equitable services.

Plaintiffs' legal basis for reconsideration is also meritless. Plaintiffs fail to identify any authority that was not previously argued to the Court. The Student has had an Individualized Education Services Plan ("IESP") for virtually his entire school-age period – and any entitlement to Defendants funding the Student's equitable services is tied to his attendance at a nonpublic school within the geographic boundaries of New York City pursuant to N.Y. Educ. Law 3602-c. Plaintiffs' repetition of convoluted arguments about 1415(j) attaching to rights guaranteed by New York state law are an appeal of the Court Order poorly camouflaged as a request for reconsideration.

For the reasons above and set forth more fully below, Plaintiffs fall short of the strict standard for reconsideration. The Court should decline to modify its Order to find the Student has "stay-put" rights pursuant to 1415(j).

## LEGAL STANDARD

Plaintiffs' motion for reconsideration is governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), the standards of which are identical. *See Alexander v. The Turner Corp.*, No. 00 Civ. 4677, 2001 U.S. Dist. LEXIS 14559, at *1 (S.D.N.Y. Sept. 10, 2001). Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation

of scarce judicial resources." *Merced Irrigation Dist. v. Barclays Bank PLC,* 178 F. Supp. 3d 181, 182-3 (S.D.N.Y. 2016) (citation omitted).

"A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." *In re Worldcom, Inc. Sec. Litig.*, 308 F. Supp. 2d 214, 224 (S.D.N.Y. 2004). *See also* S.D.N.Y. Loc. Civ. R. 6.3. However, a motion to reconsider should not be granted where the moving party tries to relitigate an issue already decided. *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). A motion for reconsideration under either Rule 59(e) or Local Civil Rule 6.3 is not an opportunity to advance new arguments or legal theories that could have been raised earlier. *See Cordero v. Astrue*, 2008 U.S. Dist. LEXIS 52711, at *380 (S.D.N.Y. July 7, 2008).

## FACTS

Defendants respectfully refer the Court to the factual background provided in the Court Order, at 1-4. As an update on the underlying administrative proceedings, Defendants respectfully add the following:

Plaintiffs' appeal of the May 28, 2026 Pendency Order and the June 15, 2026 FOFD are fully briefed and pending before the State Review Officer. Per the June 15, 2026 FOFD and this Court's direction, the DOE has repeatedly attempted to schedule a committee on special education ("CSE") meeting with the parents. Declaration of Abigail Hoglund-Shen ("Hoglund-Shen Decl.") ¶¶ 8-11. A CSE meeting was scheduled for August 12, 2026 and was rescheduled to early

September due to the families' and their counsel's vacation schedule. *Id.* ¶ 8. The meeting was again rescheduled because the Parent needed additional time to submit private evaluations, which Parent has indicated will be unavailable until September 8, 2026. *Id.* ¶¶ 10, 11. At this time, the CSE is actively working to schedule a meeting with Plaintiffs, at which time Defendants can evaluate the Student. *Id.* ¶¶ 9, 11. Defendants can then offer the Student a public placement with an Individualized Education Program ("IEP") or an IESP. *Id.* It is unclear whether the Parents will accept a public placement or, instead, seek an IESP. As a given, it is also unclear whether the Student will challenge any resulting IEP or IESP administratively.

Lastly, payments for services have been authorized pursuant to the August 4, 2026 Court Order, ECF No. 21, and the terms of the 2019 FOFD. While Parent has submitted invoices for equitable services provided from January 2026 through May 2026, as of September 3, 2026 no invoices from the prospective period awarded by the August 4, 2026 Court Order have been submitted. Hoglund-Shen Decl. ¶ 12.

## ARGUMENT

## POINT I

## PLAINTIFFS FAILED TO IDENTIFY ANY NOVEL LEGAL ARGUMENT OR FACT TO SATISFY THE STRICT STANDARD WARRANTING RECONSIDERATION

### A. Plaintiffs' Motion Fails as a Matter of Law

Plaintiffs' motion ignores the basic tenants of a motion for reconsideration. Generally, grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways Ltd.* 956 F.2d at 1255.

Plaintiffs argue that the Court Order does not sufficiently address *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 452 (2d Cir. 2015) or, seemingly, footnote 65 in *Ventura de Paulino*, 959 F.3d 536. Pl. Mot. at 4-8; *id.* at 6 ("*E. Lyme* is directly on point, and the Order does not address it"). Plaintiffs cited to *E. Lyme* seven times in their motion for a preliminary injunction, and *De Paulino* eight times. *See generally*, Plaintiffs' Memorandum of Law in Support of their Motion for a Preliminary Injunction, July 16, 2026, ECF No. 10. *De Paulino* was addressed at oral argument, Tr. at 24-6, and in the Court Order, at 9, 11.

Nothing in the Court's August 4, 2026 decision conflicts with *Doe v. E. Lyme Bd. of Educ.,* nor does the decision lend itself to a suggestion that the Court overlooked that case or any other. To the extent that Plaintiffs believe the Court overlooked controlling caselaw simply because they dispute the outcome of this matter, "a party may not seek reconsideration simply by arguing that a judge misinterpreted case law in his earlier decision." *Almonte v City of Long Beach*, No. CV 04-4192 (JS) (JO), 2005 US Dist LEXIS 37528, at *5 (E.D.N.Y. Aug. 16, 2005). *See also City of New York v. Milhelm Attea & Bros., Inc. et al,* 591 F. Supp. 2d 234, 236 (E.D.N.Y. 2008) (finding that "[a] motion for reconsideration" is not "an occasion for repeating old arguments previously rejected") (international citation omitted). Plaintiffs seek to re-argue cases already extensively litigated in the underlying motion. Accordingly, repetitively citing to this caselaw cannot necessitate reconsideration.

**B. Plaintiffs' Purported Interest in "Payments made in error" is a Red Herring**

The Court did not overlook any facts that would warrant reconsidering the Court Order. Plaintiffs' focus on the statement of defense counsel at oral argument that payments were made "in error" misses the point two fold. First, the fact was appropriately weighed by the Court. *See Cohen v. Jamison*, No. 23 Civ. 1304 (LTS), 2023 WL 3412762, at *2 (S.D.N.Y. May 12, 2023) (explaining that reconsideration is warranted if a movant demonstrates "that the Court overlooked

[] factual matters that had been previously put before it."). The Court did not overlook this fact, but instead exercised its discretion to rely on a statement by defense counsel explaining DOE's prior issued payments for certain services in its findings.

As Plaintiffs admit in their motion, when considering a preliminary injunction, the evidentiary standard is more flexible than at a later stage in the proceedings. Pl. Mot. at 2-3. The Second Circuit has found that hearsay testimony is admissible when considering a motion for a preliminary injunction. *Mullins v. City of New York*, 626 F.3d 47, 48 (2d Cir. 2010). That the Court did not require a sworn statement attesting to Defendants' motivation for the payment does not mean that the Court "overlooked" evidence, but that it gave credence to testimony that Plaintiffs dispute, which was well within the Court's discretion. Plaintiffs' challenge to this discretionary determination is simply an attempt to re-argue a factual point Plaintiffs disagree with.[1]

Second, even though the Court could discretionarily consider the basis for any inadvertent payments, this fact was not and should not be determinative of this Court's analysis. Plaintiffs claim that, "[t]he denial of pendency rests on a single premise … that the DOE funded the 2019 Program in error and seemingly inadvertently." Pl. Mot. at 1 (internal quotations omitted). The Court Order was not singularly premised on this statement of counsel. Indeed, the parties and the Court acknowledged that it is this matter's uniquely complicated fact pattern that has led to challenges adjudicating the preliminary injunction. Court Order at 8 ("This case presents very unusual facts—indeed, at oral argument, both of the very experienced counsel stated that they were aware of no cases addressing similar facts."). With ongoing administrative proceedings stretching

[1] Plaintiffs incredulously claim that it is DOE's burden to prove the reason for the inadvertent payments, Pl. Mot. at 4, which directly contradicts that it is Plaintiffs' burden to meet the high standard of a preliminary injunction. Plaintiffs essentially seek premature discovery when it is well understood that a motion for reconsideration is an inappropriate time to introduce new facts. *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991).

back seven years, the relevant facts in this matter include, *inter alia*, where the Student attends school, whether and when the Student had requested a reconvene of the CSE, and the rest of the lengthy administrative procedural history. To suggest that the Court's ruling was based solely on a statement about DOE's motivation for funding certain services for the Student is, at best, extraordinarily disingenuous.

As the Court correctly noted, it is also irrelevant to the DOE's actual legal obligation to fund the services. *See* Court Order, at 9 ("[T]he pendency that Plaintiff seeks is for services [] which DOE had no legal obligation to fund, and for which it has had no legal obligation for nearly three years."). Thus, even if entertained, Plaintiffs desire to relitigate the basis for the payments for services would not meaningfully change the Court's analysis.

Nevertheless, Defendants put forth the Declaration of Abigail Hoglund-Shen, filed on the docket, to provide the Court with greater context around Defendants' payments for certain services and why the payments stopped at the end of 2025. *See* Hoglund-Shen Decl.

Given Plaintiffs' insistence on requiring sworn declarations for certain facts at this juncture, Plaintiffs also should put forth a declaration to unsworn facts of Plaintiffs' counsel the Court considered during oral argument. When asked by the Court, Plaintiffs' counsel stated that no concurrent proceedings against the Student's school district of location had been initiated. Tr. at 3. However, the initiation of an administrative proceeding against the district of location for equitable services funding may be dispositive of this matter. If Plaintiffs' counsel is seeking concurrent relief against the (appropriate) school district, any relief sought in this Court would be redundant and a concession that the DOE is not the proper party by which to seek Plaintiffs' requested remedy. Accordingly, Defendants urge Plaintiffs to put forth facts in a sworn declaration – which they assert is the appropriate channel to put forth facts – to demonstrate that this action has not been

mooted out by parallel proceedings against the school district of location. *See* N.Y. Educ. Law § 3602-c(2).

**C. Plaintiffs' Legal Arguments are Meritless and not Properly Before the Court**

Plaintiffs put forth contrived and confusing arguments concerning the Student's operative placement, seemingly arguing that a continuation of the equitable services awarded in the 2019 FOFD contravenes 3602-c and the basic tenants of 1415(j). They are incorrect.

While they frame their motion as one for reconsideration, Plaintiffs brazenly and simply seek to appeal the Court Order. "A motion for reconsideration is not a substitute for appeal . . . Nor is it a second bite at the apple for a party dissatisfied with a court's ruling." *Hunt v. Enzo Biochem, Inc.,* 2007 U.S. Dist. LEXIS 34715, 2007 WL 1346652, at *4-5 (S.D.N.Y. May 7, 2007) (internal quotations omitted). Again and again, instead of putting forth novel and controlling facts or legal authority, Plaintiffs challenge the reasoning of the Court's original order. Pl. Mot. at 7 ("The Order's two premises do not combine"); *id.* ("The Order also measures from the wrong date"); *id.* at 8 ("the holding leaves gaps … the Order does not say whose stay-put obligation this is."). This line of argument purports to attack the logic underpinning the Court Order and is appropriately addressed to the Circuit, not charade as a motion for reconsideration. *See Walsh v. WOR Radio*, 537 F. Supp. 2d 553, 555 (S.D.N.Y. 2008), *aff'd*, 326 F. App'x 589 (2d Cir. 2009). *See also Tradition Chile Agentes de Valores Ltda. v. ICAP Sec. USA LLC*, 2011 WL 181735, 2011 U.S. Dist. LEXIS 4762, *4 (S.D.N.Y. Jan. 11, 2011) (finding the argument that the Court misapplied the governing legal standard was an argument to be made on appeal and not on a motion for reconsideration).

To the extent Plaintiffs' assertions about 1415(j) differ from those put forth in their original motion for a preliminary injunction, they are barred from raising these arguments here. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012)

(reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."). *See also Gonzalez-Blanco v Bank of Am., N.A.*, 2012 US Dist LEXIS 432, at *5 (S.D.N.Y. Jan. 3, 2012) (a motion for reconsideration cannot advance new arguments); *Saenz v. Lucas*, 2008 U.S. Dist. LEXIS 69571, at *4 (S.D.N.Y. Sept. 12, 2008).

Whether interpreted as an appellate challenge to the Court's Order or as a presentation of new argument, both of which are impermissible grounds to move for reconsideration, the substance of Plaintiffs' arguments is still meritless. The Student's last agreed upon placement was the 2019 FOFD, which was awarded based on an IESP. IESPs, pursuant to 3602-c, are funded by the school district of location, rather than the Student's location of residency. The Parent chose to move the Student to an out-of-district school and, accordingly, any funding obligation for IESP services became that of the district of location's. Plaintiffs do not seem to object to these basic facts, but argue that this functionally leaves the child with no "operative" placement. Pl. Mot. at 5. This is not the case – Plaintiffs could seek funding, pursuant to state law, from the school district where the Student was voluntarily placed. Plaintiffs provide no reason why they have not sought funding from the correct party and their failure to do so cannot create a legal obligation to be placed upon Defendants when none exists.

Plaintiffs' counsel misinterprets *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 532 (2d Cir. 2020). Pl. Mot. at 6-7. The Court did not find that pendency turned on the program that the Student was receiving, but on the last agreed upon placement between the parent and the school. Here, the last agreed upon placement was the 2019 FOFD. In *De Paulino*, like here, the Parent voluntarily placed the Student at a new school, and the Circuit found that the parent could not unilaterally change the status quo. 959, F.3d at 536. Plaintiffs' focus on the fact that the

individual providers may have remained the same does not circumvent what entity has the obligation to pay for those services, or that they are a product of New York state law rather than that of 1415(j).

**D. No Manifest Justice has Occurred**

Plaintiffs' unfounded assertions of overlooked facts and legal theories cannot premise a motion for reconsideration. The only remaining ground that this Court may reconsider its prior ruling is that manifest injustice occurred. "In the context of a motion for reconsideration, manifest injustice is defined as an error committed by the trial court that is direct, obvious, and observable." *Idowu v. Middleton*, No. 12 Civ. 1238, 2013 U.S. Dist. LEXIS 13843, 2013 WL 371657, at *1 n.1 (S.D.N.Y. Jan. 31, 2013) (cleaned up). A finding of manifest injustice "is not warranted unless the prior decision is dead wrong." *United States v. M/Y Amadea,* 2025 U.S. Dist. LEXIS 228494 (S.D.N.Y. Nov. 20, 2025) (quoting *In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001*, No. 2 Civ. 3143, 2007 WL 4563485, at *1 n.1 (S.D.N.Y. Dec. 18, 2007)).

Plaintiffs received exactly what they sought from the Court Order – additional funding for the Student's equitable services. Given that they have been awarded the requested payments, Plaintiffs' request for services pursuant to pendency can only be understood as an attempt to circumvent the Court's 90-day timeline (Court Order, at 14) to receive services indefinitely – regardless of whether Plaintiffs seriously intend to consider a public placement. The Court, along with correctly finding that 1415(j) does not control, placed appropriate guardrails on the relief, providing Defendants the opportunity to remedy any alleged deficiencies in their provision of a free and appropriate public education ("FAPE"). A *carte blanche* award of funding the Student's equitable services indefinitely, regardless of where the Student attends school, does not service the spirit of the IDEA and is contrary to the law. This request underscores that Plaintiffs have

obfuscated the issues in this case with the sole intent to secure emergency funding from the wrong party.

Indeed, Plaintiffs' final point proposes a secondary route to temporally extend the relief – a modification of the Court Order. Pl. Mot. at 11 (asking, in the alternative to reconsidering the motion, extending funding of equitable services through the conclusion of the administrative and judicial proceedings, or through the end of the 26-27 SY).

This Court retains discretion to modify its injunctive order as necessary. *Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005). However, Plaintiffs put forth no facts or argument for this arbitrary modification, except an implied and unsupported concern that a public placement for the Student will not have been offered by the conclusion of the 90 days. A CSE meeting is being scheduled. *Supra*, at 3-4. Moreover, the Court explicitly allows Plaintiffs to seek to extend the preliminary injunction if necessary. Court Order, at 14. Therefore, there is no reason – either legal or practical – to modify the Court Order at this juncture.

## CONCLUSION

Plaintiffs have not shown any clear error of law or fact warranting reconsideration, nor shown how a denial of reconsideration would result in manifest injustice. Thus, Plaintiffs' motion for reconsideration should be denied.

Dated: New York, New York
September 8, 2026

**STEVEN BANKS**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007

By: /s/ Jordan Doll
Jordan Doll

## CERTIFICATION

I, Jordan Doll, hereby certify that this Memorandum of Law complies with the Local Rules of the United States District Court for the Southern District of New York, Rule 7.1(c), regarding the length of a Memorandum of Law in that, excluding the caption, table of contents, table of authorities, the signature block and any required certificate, this Memorandum of Law contains 3,462 words as calculated by Microsoft Word.

Dated: New York, New York
September 8, 2026

**STEVEN BANKS**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007

By: /s/ *Jordan Doll*
Jordan Doll