UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

A.H., individually and on behalf of N.H., a student with a disability,

Plaintiffs,

-against-

THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF EDUCATION, A/K/A NEW YORK CITY PUBLIC SCHOOLS, THE CITY OF NEW YORK, and CHANCELLOR KAMAR H. SAMUELS, in his official capacity,

Defendants.
------------------------------------------------------------------ x

26-CV-5926 (MMG)

**DECLARATION OF ABIGAIL HOGLUND-SHEN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

I, Abigail Hoglund-Shen**,** under penalty of perjury, declares pursuant to 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am an agency attorney in the Office of the General Counsel of the New York City Department of Education ("DOE"). My responsibilities in this position include drafting and reviewing administrative appeals, and I also work as a liaison to Corporation counsel for matters filed in federal court. As such, I am familiar with the facts and circumstances stated herein and submit this declaration in support of Defendants' opposition to Plaintiffs' motion for reconsideration of the August 4, 2026 Court Order. *See* ECF Nos. 21, 26-7. The purpose of this declaration is to provide further context as to why the DOE issued payments for certain equitable services received by N.H. (the "Student") during the 2025-26 school year.

2. This declaration is based on my personal knowledge, on my review of documents, systems and records maintained by the DOE, and on conversations I have had with DOE employees and counsel.

3. Parent filed a Due Process Complaint ("DPC") for the 2025-26 school year on or about October 27, 2025, assigned case no. 303474.

4. During the administrative litigation of case no. 303474, Parent's counsel's submissions did not indicate where Student's nonpublic school was located (i.e., that it was outside the geographic boundaries of New York City). Moreover, Parent's counsel withdrew DPC 303474 before a hearing on the merits could occur. Thus, administrative proceedings ended before the record could be fully developed to include the location of Student's then-current school.

5. The Impartial Hearing Officer ("IHO") issued an Order of Pendency in case no. 303474 on or about December 23, 2025. The basis of pendency was the 2019 Findings of Fact and Decision ("FOFD"), which awarded certain related services to the Student. *See e.g.*, ECF No. 16, at 5. The IHO issued a pendency order prior to a record being developed on the merits in DPC #303474.

6. The Order of Pendency did not indicate that the nonpublic school Student was attending was located outside the geographic boundaries of New York City. Accordingly, upon information and belief, the DOE's Implementation Unit ("IU"), which is the Department responsible for compliance with FOFDs and Pendency Orders, issued payment pursuant to the Pendency Order in case no. 303474.

7. IU continued to issue payments pursuant to the Pendency Order in case no. 303474 until Parent withdrew DPC #303474 on or about December 31, 2025. Thus, IU ceased further funding as the case was no longer pending. Thereafter, Parent re-filed a DPC for the 2025-26 school year under DPC #307092, on or about December 31, 2025, which is currently on appeal under Office of State Review Appeal Nos. 26-831 and 26-913.

8. Additionally, in August 2026, the Committee on Special Education ("CSE") has attempted to schedule an Individualized Education Program ("IEP") meeting with the Parent. Originally, the meeting was scheduled for August 12, 2026, but Parent requested that the meeting be rescheduled once Parent returned from vacation.

9. The CSE contacted Parent again in early September to reschedule the IEP meeting, at which time the DOE will evaluate the Student and offer a public placement. Upon information and belief, Parent has not yet responded to the CSE's most recent outreach attempt.

10. Moreover, the scheduling of the IEP meeting remains pending due to Parent's desire to submit private evaluations to the CSE before the IEP meeting and reschedule after their August vacation.

11. The DOE continues to make efforts to schedule the IEP meeting where they will be able to offer the Student a public placement. Upon information and belief, Parent has advised the CSE that the private evaluations will not be available until September 8, 2026.

12. Lastly, payments for services have been authorized pursuant to the August 4, 2026 Court Order, ECF No. 21, and the terms of the 2019 FOFD. While Parent has submitted invoices for related services provided from January 2026-May 2026, as of September 3, 2026, upon information and belief, she had *not* submitted any invoices from the period awarded by the August 4, 2026 Court Order (i.e., from August 11, 2026 through and including 90 days thereafter). Thus, despite the fact that the DOE has authorized payment, Parent has not submitted any corresponding invoices. Thus, it is impossible to ascertain what services, if any, Parent has availed herself of pursuant to the August 4, 2026 Court Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 8, 2026
New York, New York

Abigail Hoglund-Shen

Abigail Hoglund-Shen, Esq.