The City of New York
Law Department
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**Jordan Doll**
Assistant Corporation Counsel
Phone: (212) 356-2624

September 9, 2026

**BY ECF**
Judge Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *A.H., et al. v. City of New York, et al.*
1:26-cv-05926 (MMG)

Your Honor:

This Office represents Defendants in the above-referenced matter. I write to request staying discovery until the conclusion of the injunctive period or, alternatively, until the Court issues a ruling on Plaintiffs' motion for reconsideration.

As the Court may recall, Plaintiffs bring this action pursuant to, *inter alia*, the Individuals with Disabilities Education Act ("IDEA"). The Court granted, in part, Plaintiffs' motion for a preliminary injunction ("PI") on August 4, 2026, awarding Plaintiffs certain prospective relief for 90 days. ECF No. 21. On August 18, 2026, Plaintiffs moved for partial reconsideration of this Order. ECF No. 26-7 (the "motion"). Defendants opposed this motion on September 8, 2026. ECF No. 36-7.

Plaintiffs stated their intent to seek discovery on August 29, 2026, anticipating that they would request "communications or information by or between Defendants concerning the determination to discharge N.H. [(the "Student")], along with any documents or information concerning Defendants' refusal to provide N.H. with necessary special education services." ECF No. 34.

Defendants propose staying discovery until the conclusion of the 90-day injunctive period or, in the alternative, until Plaintiffs' motion is decided.

What occurs during the injunction and the Court's decision on the motion will significantly impact the issues litigated in the case and, so, the scope of discovery. The injunctive period may also moot out key issues. *See Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co. Ltd.*, 2023 U.S. Dist. LEXIS 61832, *2 (S.D.N.Y. April 7, 2023) (staying discovery where "[t]The pending motion for partial reconsideration has the capacity to alter significantly the contours of and issues litigated in this case[.]"). *See United States v. Cnty. of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999) (staying discovery where pending motion, "if successful, [would be] dispositive of the entire action").

Plaintiffs seek both retrospective and prospective relief, concerning the Student's services. Complaint, ECF No. 1, 22-3. Discovery during the injunctive period is premature where the events over the remaining two months will contextualize whether the Student is or ever has authentically considered a public placement. *See e.g.*, Declaration of Abigail Hoglund-Shen, ECF No. 37. At Oral Argument, a central dispute was whether and when the student would be offered a public placement by the DOE. *See* July 30, 2026, Transcript, ECF No. 36-1. Indeed, the Court noted that a fact pattern like this – where the Student has never had a public placement – may trigger a "good faith" inquiry when evaluating requests for Individualized Education Program ("IEP" or, interchangeably, a public placement) meetings. *Id.* at 25, ¶¶ 16-20 (Should the Court be considering whether a Plaintiff "is acting in good faith in triggering a 1415 process solely to get pendency for non-1415 rights?") During the injunctive period the Parent may, (1) seriously considers a public placement, (2) request an Individualized Equitable Services Program ("IESP"), or (3) choose to forgo cooperation with Defendants on developing either an IEP or an IESP. Any of this conduct will contextualize the proceeding several years, and whether the December 31, 2025 Due Process Complaint ("DPC") was simply an attempt to trigger pendency rights. *See e.g.*, Abigail Hoglund-Shen Declaration, ECF No. 37, ¶¶ 8-11 (IEP meeting still not scheduled despite best efforts of Defendants). *See also* ECF No. 38 (all parties attempting to schedule IEP meeting).

Moreover, the injunctive period is very likely to moot out prospective relief, significantly narrowing the scope of discovery. If the Student is given a public placement or, alternatively, chooses to continue to seek IESP services, the Student's services will be a product of either program, and declaratory relief on pendency will be unnecessary.

If the Court is disinclined to stay discovery for the injunctive period, Defendants request staying discovery until the Court rules on the motion for reconsideration. This motion too will impact the scope of the issues litigated. Plaintiffs concede that a favorable ruling on the motion would "expand [Plaintiffs'] discovery accordingly[.]" ECF No. 34. Plaintiffs provide no specifics for this vague assertion. ECF No. 34. Given it is unclear what exactly Plaintiffs would seek if their motion was granted, Defendants have limited basis to even agree to a discovery schedule.

Moreover, if the Court were to deny Plaintiffs' pending motion, Defendants may choose not to seek affirmative discovery given the Court's reasoning for granting Plaintiffs' relief pursuant to 1415(i). However, a modification of the Order that found 1415(j) is applicable in these circumstances may create a need for affirmative discovery. Specifically, Defendants may seek communications and data on the Student's educational history and Student's counsel's litigation tactics during the administrative proceedings, such as the timing of filing and withdrawing certain DPCs. *See e.g.*, Declaration of Abigail Hoglund-Shen, ECF No. 37, ¶ 7.

A brief stay will not prejudice Plaintiffs. Plaintiffs have received the prospective relief sought; the Student is not at risk of loosing his placement and there is less than two months until the injunctive period's conclusion. *See* ECF No. 38 (August, 2026 invoice for services processed). Indeed, Plaintiffs' counsel has exhibited an unwillingness to litigate live matters before the Court. Plaintiffs' counsel has been late responding to two letters[1] and appears to have initially failed to explain the prospective nature of the relief awarded to her client. *See* Abigail Hoglund-Shen Declaration, ECF No. 37, ¶ 12 (Plaintiffs have submitted invoices for the May through January, 2026 period, though the August 4, 2026 Court Order awarded prospective relief only). Adding additional discovery obligations on the litigants seems likely to generate further inefficiencies, while unnecessarily draining scarce judicial and City resources.

Accordingly, Defendants request discovery be stayed until the end of the injunctive period or, alternatively, until Plaintiffs' pending motion for reconsideration is decided.

Defendants thank the Court for its continued attention to this matter.

Respectfully submitted,

**[ECF] /s/**
Jordan Doll
Assistant Corporation Counsel

[1] Plaintiffs' counsel submitted two letters to the Court, attacking the contents of my letters as having "misstate[d]" Plaintiffs' counsel's position. ECF Nos. 33-4. Adversaries may disagree on how to frame the issues and relief sought in a matter. However, Plaintiffs' counsel also stated that she "supplied the contents of Plaintiffs' position for inclusion in a joint letter. Defendants chose not to include Plaintiffs' position or status." ECF No. 33, at 1. This is wholly inaccurate.