THE LAW OFFICE OF
**LAURA D. BARBIERI, PLLC**

September 14, 2026

**BY ECF**
Hon. Margaret M. Garnett
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *A.H., et al. v. NYC DOE, et al.*, No. 1:26-cv-05926 (MMG)
Plaintiffs' Objection to, and Motion to Strike, the Declaration Filed at ECF No. 37

Dear Judge Garnett:

I represent Plaintiffs A.H. and N.H. I write to object to Defendants' filing of the Declaration of Abigail Hoglund-Shen, ECF No. 37, submitted in support of their opposition to Plaintiffs' motion for partial reconsideration, and respectfully to request that the Court strike that declaration or decline to consider it. In the alternative, and for the reasons set out in Point III below, Plaintiffs ask that the Court disregard paragraphs 8 through 12 and permit Plaintiffs a short response to the balance.

## I. Local Civil Rule 6.3 Bars the Filing.

Local Civil Rule 6.3 provides that, on a motion for reconsideration, "[n]o affidavits shall be filed by any party unless directed by the Court." The prohibition is not limited to the movant; by its terms it binds "any party," and it applies to a declaration under 28 U.S.C. § 1746 no less than to an affidavit. The rule follows from what reconsideration is. The motion is confined to the matters and the controlling decisions already before the Court when it decided the underlying motion, and it "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A record that is closed cannot be reopened by one side alone.

Defendants are plainly aware of the principle. Their memorandum invokes it against Plaintiffs, arguing that "it is well understood that a motion for reconsideration is an inappropriate time to introduce new facts," Defs.' Mem. at 6 n.1 (citing *Caribbean Trading & Fidelity Corp. v. Nigerian National Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991)), and it makes a point of noting that Plaintiffs submitted no sworn statement. Having pressed that rule against Plaintiffs on page six, Defendants filed a four-page declaration of their own, without requesting permission from the Court for the direction that Rule 6.3 requires.


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com

Plaintiffs did ask for such a direction. Their moving memorandum invoked Rule 6.3's "unless directed by the Court" clause and asked the Court to direct the DOE to submit a declaration from a person with personal knowledge attesting that the authorizations issued for the 2019 Program were made in error, that the DOE did not agree to fund that program, and that it was unaware the Student attended school outside New York City. *See* ECF No. 26. That request was addressed to the Court, as the rule requires. Defendants did not join it, did not oppose it, and did not seek leave; they simply filed. A party may not confer on itself the permission the rule reserves to the Court.

The asymmetry is the prejudice. Rule 6.3 bars Plaintiffs from answering ECF No. 37 with a declaration of their own, and a reply memorandum cannot supply the sworn testimony the rule forbids Plaintiffs to file. If the submission stands, Defendants will have placed evidence before the Court on a motion at which Plaintiffs are disabled from responding in kind, and, as shown below, evidence on subjects the Court has never been asked to decide.

## II. The Declaration Does Not Attest to the Finding It Was Offered to Support.

Even if the Court were to receive the declaration, it does not do the work Defendants ask of it. The factual ground of Plaintiffs' motion is narrow: the Order's finding that the DOE funded the 2019 Program in error rests on the unsworn, admittedly second-hand statements of counsel at oral argument. Defendants say they offer the declaration "to provide the Court with greater context around Defendants' payments." Defs.' Mem. at 7. Three features of the document are worth the Court's attention.

First, it is not made on personal knowledge of the payment decisions. Ms. Hoglund-Shen is an attorney in the DOE's Office of the General Counsel whose duties are drafting and reviewing administrative appeals and serving as liaison to Corporation Counsel. ECF No. 37 ¶ 1. Her declaration rests on document review and "conversations I have had with DOE employees and counsel." *Id.* ¶ 2. The single paragraph that addresses why payments issued is expressly qualified: "upon information and belief, the DOE's Implementation Unit … issued payment pursuant to the Pendency Order." *Id.* ¶ 6. No declarant from the Implementation Unit, the Committee on Special Education, or any office that authorized the services is offered. The unsworn hearsay of counsel has been replaced with the sworn hearsay of counsel.

Second, and more fundamentally, the declaration does not say the payments were a mistake. It says the opposite in substance: payments issued "pursuant to the Pendency Order in case no. 303474" and continued "until Parent withdrew DPC #303474," at which point "IU ceased further funding as the case was no longer pending." *Id.* ¶¶ 6-7. That is a description of an agency implementing a hearing officer's pendency order and stopping when the proceeding that carried it ended. It is not an account of inadvertence, and it is a different account from the one counsel gave at argument, where the payments were attributed to an assumption that the Student was attending school in New York City. Hr'g Tr. at 14, ECF No. 36-1. Nowhere does the declarant state that the

DOE did not agree to fund the 2019 Program, which is the proposition the Order's finding rests upon.

Third, it is silent on the periods that matter. The declaration speaks only to Case No. 303474, filed on or about October 27, 2025 and withdrawn on or about December 31, 2025. *Id.* ¶¶ 3, 7. It says nothing about the DOE's funding of the same services and the same providers in the years preceding that filing, nothing about the two school years the Court said it did not understand, Hr'g Tr. at 13-14, and nothing about the January 2026 and March 2026 authorizations of those same services and providers. On the one question for which it was offered, the declaration is either silent or affirmatively unhelpful to Defendants.

## III. Paragraphs 8 Through 12 Are Post-Order Status Reporting, Not Record Evidence.

The remainder of the declaration has no connection to the motion at all. Paragraphs 8 through 12 describe efforts to schedule a CSE meeting in August and September 2026 and the status of invoice submissions as of September 3, 2026; these relate to events occurring weeks after the August 4, 2026 Order. Whatever their place in the parties' compliance reporting, *see* ECF Nos. 35, 38, they cannot bear on whether the Court overlooked matters that were before it on August 4.

Paragraph 12 illustrates the problem. It states that as of September 3, 2026 the Parent had submitted no invoices for the period awarded by the Order, and draws from that the inference that it is "impossible to ascertain what services, if any, Parent has availed herself of." ECF No. 37 ¶ 12. Defendants' own letter to the Court the following day reports that the Parent's August invoice has been processed. ECF No. 38. The paragraph was thus "stale" almost immediately after submission, and it serves no function on a reconsideration motion except to cast Plaintiffs in an unfavorable light on a subject the motion does not raise. The same is true of Defendants' companion request that Plaintiffs file a declaration concerning proceedings against the school district of location, Defs.' Mem. at 7-8, which is a mootness argument raised for the first time in opposition to a motion that is limited to the record already before the Court.

## IV. Relief Requested.

Plaintiffs respectfully request that the Court:

(a) strike the Declaration of Abigail Hoglund-Shen, ECF No. 37, or decline to consider it in deciding Plaintiffs' motion for partial reconsideration;

(b) in the alternative, disregard paragraphs 8 through 12 as addressed to events postdating the August 4, 2026 Order; and

(c) in the further alternative, if the Court is inclined to receive evidence bearing on the basis for the DOE's payment authorizations, direct — as Plaintiffs' moving memorandum requested — that the DOE submit a declaration from a witness with personal knowledge of the authorization decisions for the 2023-2024 through 2025-


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com

2026 school years, together with the underlying authorization records for N.H.'s services for those years, and permit Plaintiffs a short response.

Plaintiffs thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Laura D. Barbieri
Laura D. Barbieri, Esq.
The Law Office of Laura D. Barbieri, PLLC
115 West 73rd Street, Suite 1B
New York, New York 10023
(914) 819-3387
Laura@LDBarbLaw.com
Attorney for Plaintiffs

cc: Jordan Doll, Assistant Corporation Counsel (by ECF)