THE LAW OFFICE OF
LAURA D. BARBIERI, PLLC

September 14, 2026

**BY ECF**
Honorable Margaret M. Garnett
United States District Court, Southern District of New York
40 Foley Square
New York, New York 10007

**Re: A.H., et al. v. City of New York, et al., No. 1:26-cv-05926 (MMG)**
**Plaintiffs' Opposition to Defendants' Letter Motion to Stay Discovery**

Dear Judge Garnett:

I represent Plaintiffs and apologize for Plaintiffs' late response. Plaintiffs respectfully oppose Defendants' September 9, 2026 letter-motion to stay discovery until the preliminary injunction expires or, alternatively, until the Court decides Plaintiffs' motion for partial reconsideration. ECF No. 39. Neither request establishes good cause. The question is not whether subsequent events might affect some relief or generate additional discovery, but whether waiting would eliminate or materially narrow the discovery already identified. Defendants have not made that showing.

Under Rule 26(c)(1), a discovery stay requires good cause. Even a pending motion to dismiss does not automatically warrant a stay. *Port Dock and Stone Corp. v. Old Castle North East, Inc.*, No. CV 05-4294 (DRH), 2006 WL 897996, at *1 (E.D.N.Y. March 31, 2006) (("It is, of course, black letter law that the mere filing of a motion to dismiss the complaint does not constitute "good cause" for the issuance of a discovery stay."). Courts consider the particular procedural posture, the motion's strength, the breadth and burden of discovery, and prejudice from delay. *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Here, Defendants identify neither a pending motion that would dispose of the entire action nor a concrete burden that justifies suspending all discovery.

**I. The identified historical discovery does not depend on reconsideration or a future placement.**

As Defendants themselves recount, Plaintiffs seek information concerning the decision to discharge N.H. and the refusal to provide him necessary special education services. ECF No. 39 at 1 (quoting ECF No. 34). That discovery concerns events that have already occurred: the handling of the parent's requests for an IEP and services; the discharge decision; and the authorization, continuation, and cessation of funding. The relevant contemporaneous records and nonprivileged communications will not change because the Court revisits the statutory basis or duration of interim relief, or because the parties later develop an educational program. Defendants expressly acknowledge that Plaintiffs seek retrospective as well as prospective relief. *Id.* at 2. They do not explain how a future program would resolve the claims concerning prior


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com

conduct or make discovery into that conduct unnecessary.

Further, Defendants' own submission illustrates the need for that discovery. Ms. Hoglund-Shen relies on DOE documents, systems, records, and conversations with employees and counsel. ECF No. 37 ¶ 2. She states that the Implementation Unit paid pursuant to the December 23, 2025 pendency order and stopped funding because the underlying complaint was withdrawn, while acknowledging that another complaint was filed on the same date. *Id.* ¶¶ 5–7. The contemporaneous records underlying that account are appropriate subjects of discovery, subject to ordinary relevance, proportionality, and privilege limitations. Their production need not await events during the injunction. Indeed, the Court identified the factual question at argument: "who knew what, when, and why certain things happened." ECF No. 36-1 ("Tr.") at 15:2–3.

Plaintiffs' statement that a favorable reconsideration ruling might expand discovery does not concede that the existing discovery must await that ruling. Additional discovery can be addressed if it becomes necessary. Nor does Defendants' possible decision to forgo affirmative discovery determine Plaintiffs' entitlement to pursue their own. ECF No. 39 at 2. This request does not seek to reopen reconsideration briefing or require the Court to defer its decision for discovery; it seeks ordinary factual development of the action. Preliminary-injunction findings are not a substitute for adjudication on a developed merits record. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).

The authorities Defendants invoke do not establish otherwise. They cite *United States v. County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999), for a stay pending a motion potentially dispositive of the entire action, and *Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd.*, 2023 U.S. Dist. LEXIS 61832, at *2 (S.D.N.Y. Apr. 7, 2023), for a reconsideration motion capable of significantly altering the litigation's contours. ECF No. 39 at 2. Neither description supplies the missing connection here between the anticipated ruling and the historical discovery Plaintiffs have identified. A generalized possibility of changing issues does not explain why that discovery should stop.

**II. Speculation about future cooperation or mootness does not justify suspending discovery.**

Defendants propose waiting to determine whether the parent will genuinely consider a public placement, request an IESP, or decline to cooperate. ECF No. 39 at 2. But their September 9 status letter reports that both sides continue working to schedule the CSE meeting, including accommodating private evaluations and proposed dates falling during religious holidays. ECF No. 38 at 1. It does not report a completed IEP, an offered placement, or a resolution of the parties' dispute. Defendants also acknowledge uncertainty about whether any resulting program will be accepted or administratively challenged. ECF No. 36 at 4. Those possibilities do not establish that prospective relief will become unnecessary, much less that retrospective issues will disappear. Even mootness of preliminary relief does not necessarily moot an action's remaining issues. *Camenisch*, 451 U.S. at 393–95.

The transcript also requires fuller context than Defendants provide. After raising a


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com

hypothetical good-faith inquiry, expressly without casting aspersions on this parent, the Court explained that the legitimacy of a request for an IEP or public placement was to be addressed on the merits in the IHO–SRO process and was "sort of not my concern." Tr. 25:14–26:5. The cited exchange was not a finding of parental bad faith or a direction to postpone federal discovery pending an assessment of the parent's future conduct. Even assuming later conduct proves relevant to an issue properly before this Court, it can be addressed through appropriate supplementation while discovery concerning completed events proceeds.

Defendants' suggestion that they might seek discovery into counsel's administrative "litigation tactics" likewise does not justify a blanket stay. ECF No. 39 at 2. Any actual request can be evaluated for relevance, proportionality, privilege, and work-product protection when presented. Its hypothetical future service is not a reason to suspend the existing factual inquiry.

**III. A stay would postpone necessary work rather than produce identified savings.**

Defendants identify no particular production, witness, estimated expense, or duplicative discovery task that waiting would avoid. Their generalized concern for City and judicial resources does not show that the targeted historical inquiry is premature. The parties have already submitted a proposed Case Management Plan. ECF No. 38 at 2 & n.1. Although Defendants expressly conditioned their agreement on denial of the stay, that reservation does not explain why the proposed schedule cannot govern while the Court decides reconsideration and the CSE process continues.

The temporary funding award does not eliminate prejudice from delaying resolution of Plaintiffs' remaining claims. A stay would also defer factual development until the very point at which the present protection may end. Defendants acknowledge that an extension may be sought if necessary. ECF No. 36 at 11. Orderly discovery now is more consistent with informed adjudication than stopping work and potentially confronting renewed interim-relief issues without a developed record.

The comments about Plaintiffs' counsel do not establish a discovery burden. Disagreements about prior letters and speculation about advice to the client have no demonstrated connection to the need for a stay. Submission of invoices for earlier services does not establish misunderstanding of the injunction, and Defendants' own updated status letter confirms that the August invoice has been processed. ECF No. 38 at 1. Neither point warrants delaying discovery.

Plaintiffs respectfully request that the Court deny ECF No. 39 and enter the proposed Case Management Plan. Alternatively, if the Court considers sequencing appropriate, Plaintiffs request that discovery of contemporaneous records and nonprivileged communications concerning the discharge, requests for an IEP and services, and funding decisions proceed now, reserving only additional discovery shown to depend on reconsideration. See *Newsday LLC v. Nassau County*, No. 25-cv-1297 (DG) (ARL), ECF No. 36 at 3–4 (E.D.N.Y. Oct. 23, 2025) (denying a stay but initially limiting discovery to documents). A potential need to adjust


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com

discovery later is not a sufficient reason to suspend it altogether now.

Respectfully submitted,

/s/ Laura D. Barbieri
The Law Office of Laura D. Barbieri, PLLC
Attorney for Plaintiffs
cc: All counsel of record, via ECF


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com