THE LAW OFFICE OF
LAURA D. BARBIERI, PLLC

October 26, 2026

**VIA ECF**
Hon. Margaret M. Garnett
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *A.H., individually and on behalf of N.H. v. Board of Education of the City School District of the City of New York, et al.*, No. 1:26-cv-05926 (MMG)
**Letter-Motion for Clarification of the August 4, 2026 Opinion and Order (ECF No. 21)**

Dear Judge Garnett:

I represent Plaintiffs and write to request clarification of one aspect of the Court's August 4, 2026 Opinion and Order (ECF No. 21) (the "Order"). The Order directs the Department of Education ("DOE") to authorize and fund the services of the 2019 Program set out in the unappealed November 9, 2019 Findings of Fact and Decision (the "2019 FOFD") for 90 days. The DOE has construed that directive to permit it to pay only the dollar rates N.H.'s providers charged in 2019, rather than the prevailing rates those same providers charge today. We respectfully submit that the Court did not intend that result, and that it is preventing the relief the Court granted from reaching N.H. Plaintiffs ask the Court to clarify that the Order requires funding at current prevailing, that is, market, rates. Before making this motion, I conferred with Defendants' counsel; the DOE refused to agree to fund the services at prevailing rates.

**The DOE's Reading of the Order**

After the Order issued, the DOE advised Plaintiffs' providers to submit invoices to a particular email address for payment for services provided pursuant to the 2019 Program. When the SEIT provider submitted her invoice, for example, and sought payment at her market rate of $300/hour, she was advised that the DOE instructed that she would be reimbursed only at the rate she charged in 2019, i.e., at $150/hour. The disparity is substantial. No provider can be expected to deliver a 40-hour-per-week SEIT program and the accompanying related services at rates set seven years ago, and the long-time SEIT provider this child has had cannot and will not do so. She has advised that she is unwilling and cannot afford to continue servicing N.H. if she will only receive half her hourly rate.

**1. The Order adopts the 2019 Program, not 2019 prices.**

The Order directs funding of the 2019 FOFD services, that is, the program the 2019 FOFD defines. The 2019 FOFD directs that the providers be paid at prevailing rates. 2019 FOFD at p. 3


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com

(C-4), ECF No. 7-3. A prevailing rate is, by definition, the rate prevailing when the service is delivered. The amounts paid in 2019 were the prevailing rates of 2019 and authorized up to $150/hour, the then prevailing rate; they are not a term of the program. Reading the Order to freeze the provider rates at 2019 rates would convert the FOFD's rate standard into a fixed price that the FOFD never set and the Court never adopted. Nothing in the Order, or in the briefing and argument that preceded it, suggests the Court considered, much less decided, that the DOE could satisfy its obligation by offering 2026 providers 2019 prices.

**2. The DOE's reading would nullify the relief the Court granted.**

The Court granted relief under 20 U.S.C. § 1415(i)(2)(C)(iii) so that N.H. would actually receive the 2019 Program's services during the 90-day period. An authorization at a rate no provider will accept funds nothing; it restores the paperwork of the program without the program. "Appropriate" relief under the IDEA requires the agency to bear the actual cost of the services it was obligated to provide. *See Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359, 369–71 (1985). The Second Circuit has applied that principle to services a district was obligated to maintain, holding the district answerable for their full value rather than the lesser sum the parent could afford to pay. *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 456–57 (2d Cir. 2015). The full value of a service delivered in 2026 is its 2026 price.

**3. Having chosen not to provide a provider, the DOE must fund the market rate of the provider the parents were able to obtain.**

The DOE had a choice. If it had qualified providers willing to deliver the 2019 Program at $150 per hour, it was free to assign them, and the Order would have been satisfied. It did not. It issued RSAs instead, which is an acknowledgment that the DOE could not supply a provider itself and was leaving it to the family to find one in the market. Having sent the family to the market, the DOE cannot cap the price at a figure the market left behind years ago. The DOE's own course of dealing confirms the point: in the January and March 2026 authorizations for these same services and providers, the DOE funded the services at rates prevailing in 2025 and in prior pendency cycles the DOE directly authorized N.H.'s providers at their then-current rates.

**4. Clarification is the appropriate vehicle, and timing matters.**

A party uncertain of an injunction's scope is expected to ask the issuing court for clarification rather than adopt its own construction. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949); *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945); *see* Fed. R. Civ. P. 65(d)(1). The DOE did not do so, and when Plaintiffs raised the issue directly, it refused to fund at prevailing rates. Plaintiffs therefore seek clarification now. Because the 90-day period began on or about August 11, 2026 and is scheduled to end on or about November 9, 2026, prompt resolution is requested if the Order is to have its intended effect.

**Relief Requested**

Plaintiffs respectfully request that the Court enter an order:


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com

(1) clarifying that the Order requires the DOE to authorize and fund each component of the 2019 Program at the prevailing rate currently charged by the provider delivering it, up to a rate of $300/hour;

(2) directing the DOE, within three business days, to issue corrected authorizations at those rates, including direct-payment authorizations to the identified providers, covering all services delivered on or after the August Order's effective date; and

(3) alternatively, if the DOE contends that qualified providers are available at lower rates, (a) directing it within the same period to identify each such provider by name, with confirmed availability to deliver the full mandate immediately, (b) funding the parents' providers for all the services they provided at their market rates through and up to the date the DOE takes over providing N.H.'s full mandate, and (c) extending the 90-day period by the number of days during which the DOE's authorizations were issued at rates that did not permit the services to be delivered.[1]

Thank you for the Court's consideration.

Respectfully submitted,

*/s/ Laura D. Barbieri*
Laura D. Barbieri
The Law Office of Laura D. Barbieri, PLLC
Attorney for Plaintiffs

cc: All counsel of record (via ECF)

[1] Plaintiffs will submit a separate letter motion to extend the 90-day provision of the Court's order shortly, and no later than one week prior to the expiration of the 90 days for the Court's additional consideration.


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com