# LAURA D. BARBIERI, PLLC

November 2, 2026

BY ECF
Hon. Margaret M. Garnett
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

RE: A.H. o/b/o N.H. v. N.Y.C. Dep't of Educ., No. 26-cv-5926 (MMG)
<u>Plaintiffs' Reply in Further Support of Their Emergency Letter Motion and Request for Extension of Time</u>

Dear Judge Garnett:

I write on behalf of Plaintiffs (1) in reply to Defendants' letter filed under seal (ECF No. 45), which I received today, and in further support of Plaintiffs' emergency letter motion (ECF No. 44) for clarification that the Court's August 4, 2026 Opinion and Order (ECF No. 21) (the "Order") requires Defendants to fund N.H.'s services at his providers' current prevailing rates; and (2) to respectfully request a three-day extension of Plaintiffs' time to move to extend the Order's 90-day relief for an additional 90 days, or until a public school placement is secured for N.H., whichever is sooner.

<u>The Rate Dispute Requires the Court's Immediate Attention</u>

The parties' dispute over provider rates has created an immediate crisis in N.H.'s services. Since the Order issued, N.H.'s providers have submitted invoices at their current market rates, and Defendants have refused to pay them. Each provider, all of whom have now waited almost a year to be paid, has notified the parents that services will stop immediately unless the provider is paid at its current hourly market rate. N.H.'s SEIT provider illustrates the problem. Her rate was $150 per hour in 2019; it is $300 per hour today. Each was the prevailing market rate at the time it was charged. Defendants would pay her 2019 rate for services delivered in 2026.

<u>The Order Requires Funding at Prevailing Rates, Which Means Current Rates</u>

Plaintiffs' reading of the Order follows from its structure. The Order addresses N.H.'s services in two distinct clauses. ECF No. 21. The first preserves the continuity of N.H.'s services through his existing providers unless Defendants promptly identify and provide their own providers who can begin immediately. The second provides that, if Defendants do not supply


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com

their own providers and instead leave the parents to find available providers willing to wait for payment, Defendants must fund those services at prevailing rates. A rate "prevails" at the time the service is rendered. Nothing in the Order fixes the 2019 dollar amounts. The Order incorporates the 2019 Program, meaning the services, frequencies, and durations directed by the 2019 FOFD, and the 2019 FOFD itself provides for payment at prevailing rates, then were up to $150/hr. ECF No. 7-3.

Defendants' contrary reading cannot be squared with the Order. On their view, the parents must not only locate qualified providers on their own, but must also persuade those providers to work at rates frozen seven years in the past. No provider will accept those rates, and they no longer reflect a market that faces a significant shortage of licensed providers for children with special needs. Defendants' reading would benefit them twice over: it would relieve them of the difficult task of finding providers who can begin serving N.H. immediately, consistent with his educational program, and it would then allow them to pay the providers the parents find at rates no provider will accept. Defendants are pressing that reading with full knowledge that it will interrupt this child's education once again. The Court did not grant equitable relief to keep N.H.'s services in place only to have them end over a rate dispute.

<u>Request for a Three-Day Extension</u>

Plaintiffs respectfully request a three-day extension, from November 2, 2026 to November 5, 2026, of their deadline to move to extend the Order's 90-day relief. Defendants' sealed letter, received only today, required an immediate response, and the extension motion will rest on the same funding record now before the Court. This is Plaintiffs' first request for an extension of this deadline. Defendants consent to this request. Because the 90-day period expires today, Plaintiffs further request that the Order's relief remain in effect pending the Court's decision on the extension motion.

Accordingly, Plaintiffs respectfully request that the Court (1) clarify that the Order requires Defendants to fund N.H.'s services at each provider's current prevailing rate; (2) direct Defendants to pay the providers' outstanding invoices at those rates within three (3) days; and (3) grant the three-day extension requested above. We thank the Court for its prompt attention to this matter.

Respectfully submitted,

<u>/s/ *Laura Dawn Barbieri*</u>
Laura Dawn Barbieri

cc: All counsel of record (by ECF)


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com

THE LAW OFFICE OF
LAURA D. BARBIERI, PLLC

Output produced: November 2, 2026 at 2:59 PM ET

Plaintiff's deadline to move to extend the Order's 90-day relief is EXTENDED to three business days after the Court issues a ruling on Plaintiff's pending letter motion at Dkt. No. 42. The relief ordered in the Court's August 4, 2026 Order shall remain in place until then. *See* Dkt. No. 21.

SO ORDERED. Dated November 2, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE


115 W. 73rd Street, Ste. 1B, New York, New York 10023
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com