USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/4/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A.H., individually and on behalf of N.H.,

Plaintiff,

-against-

THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, et al.,

Defendants.

26-CV-05926 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

In its August 4, 2026 Opinion and Order granting in part Plaintiff's motion for a preliminary injunction, this Court ordered—as a form of interim relief—Defendants to "authorize and fund the services established by the 2019 FOFD for a prospective period . . . by either (a) issuing effective direct authorizations to N.H.'s existing providers ***at the prevailing rates required by the 2019 FOFD*** . . . or (b) identifying qualified alternative providers who have accepted N.H.'s case and who will begin delivering each component of the 2019 FOFD by that date." *See* Dkt. No. 21 ("Order") at 14 (emphasis added).

The 2019 FOFD caps the rate for Special Education Itinerant Teacher ("SEIT") services at "up to $150 per hour." *See* Dkt. No. 7-3 ("2019 FOFD") at 3. The other compensatory services, however, are not similarly capped, and are provided "at prevailing rates" or, for enhanced Occupational Therapy "OT" services, "at a rate of $150 per hour." *Id.*

The Court reads the 2019 FOFD to say what it means: the SEIT services are reimbursed for up to $150 per hour, and OT services are reimbursed at a fixed rate of $150. That the IHO added limiting language only as to the SEIT but declined to add analogous qualifying language as to the other services provided creates the inference that the IHO did not intend to cap non-SEIT services at $150 per hour, but did as to the SEIT services.

Plaintiff primarily argues that the Order adopts the 2019 Program, not 2019 prices. Dkt. No. 42, at 2. Not so. The Order directs that Defendants continue the implementation of the 2019 FOFD: that is, it adopts the legal decision of IHO Carter, in all aspects, for the time period of the Order. IHO Carter's decision, as described, explicitly caps the SEIT rate at $150 per hour. The problem Plaintiff describes in her letter—that the Order risks being undermined due to the vast disparity between 2019 and 2026 rates—is largely of her own making: as of the time of this case's filing, N.H. had not been reevaluated at all since 2023, and A.H. rejected that IESP recommendation, although it was not adjudicated. As discussed in previous Court orders in this case, N.H. has, in all likelihood, outgrown the need for many of the services offered in the 2019 FOFD, evidenced in part by A.H.'s suggestions that he may now be developed enough to attend public school, or he may well be in need of entirely different services than the services deemed

appropriate for a seven-year-old. Yet, A.H. assumed the risk that by failing to seek or insist upon a reevaluation for N.H., the terms of the 2019 FOFD would apply in *all ways*.

Additionally, having been advised for the first time in Defendants' response to Plaintiff's motion that a CSE has convened and Plaintiff has been offered an IEP and a public school placement, the parties are ORDERED to submit a letter by **November 10, 2026**, informing the Court as to the status of N.H.'s placement and proposing next steps for this case. *See* Dkt. No. 45.

The Clerk of the Court is respectfully directed to terminate Dkt. No. 42.

Dated: November 4, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge