**STEVEN BANKS**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ALFRED MILLER, JR.**
*Assistant Corporation Counsel*
Email: alfmille@law.nyc.gov
Phone: (212) 356-2392

November 13, 2026

**BY ECF**

Hon. Margaret M. Garnett
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *A.H., et al. v. The Board of Education of the City School District of the City of New York.,* 26-cv-05926 (MMG)

Dear Judge Garnett:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, attorney for The Board of Education of the City School District of The City of New York, the New York City Department of Education ("DOE"), the City of New York, and Chancellor Kamar H. Samuels, in his official capacity, (collectively "Defendants") in the above-referenced case. I write in response to Plaintiff's November 9, 2026 Letter Motion which seeks an extension of the interim relief period as ordered in the Court's August 4, 2026 Order ("PI Order").

The PI Order granted Plaintiff's motion for a preliminary injunction in part, directing Defendants to "authorize and fund the services established by the 2019 [Findings of Fact and Decision ("FOFD")]" for her child, N.H, for a prospective period of 90 days. *See* ECF No. 21 at 14. This Court concluded that Plaintiff was likely to succeed on the merits of the parent's uncontested right to request and receive an Individualized Education Plan ("IEP") and a public school placement offer. *Id*. at 12. Notably, this Court did not grant Plaintiff's request for pendency or determine N.H.'s pendency placement, finding that such relief was legally unavailable. *See id.* at 8-9 (denying pendency under Section 1415(j) of the Individuals with Disabilities Education Act ("IDEA"), as the relief Plaintiff seeks is for services created by state law, which DOE has no legal obligation to fund, and for which it has had no legal obligation for nearly three years."). In issuing the order, this Court carefully weighed the equities, concluding that absent the order, N.H. would have no "viable plan for special education services at present and for the upcoming 2026-2027 school year," *see* ECF No. 21 at 14.

Defendants authorized and funded services for N.H in accordance with the PI Order. To date, Defendants have received and processed invoices for enhanced Occupational Therapy ("OT") services for the months of August, September and October. Defendants have also

received and processed invoices for Special Education Itinerant Teacher ("SEIT") services for the months of August and September, at a rate up to $150/hour. The interim relief ordered by this Court expired on November 9, 2026. *See* ECF No. 47 at 3 (holding that the interim relief described in the PI Order is to remain in effect until three business days after the Court rules on Plaintiff's then-pending letter motion at ECF No. 42).

On November 9, 2026, Plaintiff filed a letter motion requesting an extension of the interim relief period, presumably pursuant to Rule 65 of the Federal Rules of Civil Procedure. *See* ECF No. 48. Plaintiff alleges such extension is warranted due to Plaintiff's intended challenges to the sufficiency of school placement and the IEP, and that without such an extension, N.H.'s special-education services will cease. *See* ECF No. 49 at 2-3.[1] It is of particular importance that this Court awarded interim relief for a limited period of time, despite Plaintiff's request for prospective relief "through the completion of the administrative and judicial proceedings." *See* ECF No. 10 at 19. In limiting prospective interim relief to a period of 90 days, the Court rejected an attempt to impose a financial obligation for the DOE that functioned akin to the pendency relief the Court found Plaintiff was not entitled to. ECF No. 21 at 10. In a similar fashion, Plaintiff again asks this Court to award prospective relief until pendency is decided in Plaintiff's pending administrative action, or until N.H. "begins attending an appropriate public placement," or, alternatively, until February 8, 2027. *See* ECF No. 49 at 3. Since Plaintiff's request would in effect function as pendency that this Court already found Plaintiff was not entitled to, this Court should similarly deny to extend interim relief.

Furthermore, Plaintiff proffers no legal justification to extend the injunction. Foremost, is important to note that the PI Order was meant to provide N.H. with interim relief while Defendants develop an IEP and identify school placement for N.H. *See* ECF No. 21 at 10, 14. As Defendants emphasize in the November 10, 2026 Joint Status Letter, and as the Court noted, the present "lawsuit arises from a parent's effort to get an IEP and a public-school placement offer for her child." ECF No. 21 at 6; *see also* ECF No. 34 at 1 ("Plaintiffs reiterate, the action commenced by Plaintiffs primarily concerns the failure of Defendants to implement or authorize necessary special education services for N.H., or, more urgently, provide a public school placement for N.H.").

Moreover, this Court's PI Order explicitly stated that any extension of interim relief will turn on "what actions have or have not been taken by the DOE and by Plaintiff to either identify and secure an appropriate public school placement for N.H., or pursue and secure an [Individualized Education Service Program ("IESP")] and necessary funding from the district where N.H. attends school if he remains in private school." *Id.* Shortly after the PI Order was issued, Defendants attempted to schedule an IEP meeting. *See* ECF No. 45 at 2. Despite scheduling difficulties, an IEP meeting ultimately convened on October 8, 2026. *Id.* On October 15, 2026, Defendants sent Plaintiff a school location letter, offering a public school placement for N.H. *Id.* In doing so, Defendants fulfilled exactly what the Court ordered in its PI Order: a plan for N.H.'s special education services for the 2026-2027 school year. *See* ECF No. 21 at 14.

---

[1] Plaintiff notes that N.H. has not been enrolled in any school this year and is currently being educated at home. *See* ECF No. 49 at n.1.

Although Plaintiff urges the Court to extend interim relief based on her intended challenge to the school placement and the appropriateness of the IEP created by Defendants, *see* ECF No 49 at 3, Plaintiff must first exhaust her administrative remedies. *See J.M. v. New York City Dep't of Educ.*, 161 F.4th 149, 154 (2d Cir. 2025) (explaining that a failure to exhaust administrative remedies is a failure to state a claim for which relief can granted). As Defendants explained in their November 10, 2026 Joint Status Letter, Plaintiff must first exhaust the two-tier system of administrative review prior to seeking relief in a state or federal court. *See* ECF No. 50 at 2-3; *Ventura de Paulino v. N.Y.C. Dep't of Educ.,* 959 F.3d 519, 526 (2d Cir. 2020); *C.S. by K.S. v. New York City Public Schools*, 2025 WL 2549292 at *2 (S.D.N.Y. Sept. 4, 2025) ("In general, an appeal may be filed in state or federal court only after the SRO has rendered a decision.").

Plaintiff also proffers no basis to excuse exhaustion. Indeed, Plaintiff concedes that challenges to the IEP must be exhausted as Plaintiff is currently pursuing her administrative remedies. *See* ECF No. 49 at 1, n.2. To date, those administrative proceedings remain pending before the Impartial Hearing Officer ("IHO") assigned to the matter. As Plaintiff has not exhausted her administrative remedies, Plaintiffs may not pursue a claim challenging the appropriateness of the school placement and IEP in the first instance in this action. *See J.M.*, 161 F.4th at 154.

In any event, it is important to note that Plaintiff is also seeking a request for pendency in her Due Process Complaint before the IHO. *See* ECF No. 49 at 1; *see also* ECF No. 45 at 12 (requesting an expedited pendency hearing and issuance of interim order on pendency).[2] Thus, the scope of N.H.'s pendency entitlement is squarely before the IHO and Plaintiffs provide no basis to disturb the administrative process through Court intervention. This is particularly important to consider given that the PI Order was intended to ameliorate the absence of an IEP and school placement for N.H. *See* ECF No. 21 at 10, 14. Those were accomplished as the DOE has developed an IEP and offered a school placement. This Court's PI Order should not now act as an alternative basis for pendency as Plaintiff now brings forth an administrative challenge in the appropriate forum.

Thus, because DOE has taken considerable actions to provide a "viable plan for special education services at present and for the upcoming 2026-2027 school year," *see* ECF No. 21 at 14, and because Plaintiff has failed to properly exhaust her administrative remedies, the Court should decline to order Defendants to further fund equitable services.

Respectfully submitted,

Alfred Miller jr

ALFRED MILLER, JR.
*Assistant Corporation Counsel*

**cc:** All Parties (via ECF)

---

[2] Plaintiff has expressed that this DPC will be amended in the near future to include challenges to the school placement and IEP created for N.H., *see* ECF No. 49 at n.2, but does not express any changes to Plaintiff's request for pendency.