USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A.H.,

Plaintiff,

-against-

THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, et al.,

Defendants.

26-CV-05926 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

The Court assumes familiarity with the facts and procedural history of this matter. On August 4, 2026, the Court granted in part Plaintiff's motion for a preliminary injunction and ordered the New York City Department of Education ("DOE") to authorize and fund services established by the child's November 9, 2019 unappealed Findings of Fact and Decision ("2019 FOFD") for a limited period. Dkt. No. 21 ("Op."). In doing so, however, the Court exercised its equitable authority to fashion relief under the IDEA, instead of finding that pendency under 20 U.S.C. § 1415(j) extended to the child's current placement. *Id.* It is primarily that finding that Plaintiff now contests and seeks reconsideration of. Dkt. No. 26 ("Mot.").

Plaintiff makes two arguments for reconsideration of the Court's conclusion that the 2019 FOFD does not trigger pendency under 20 U.S.C. § 1415(j): that the Court (1) relied on unsworn assertions of counsel that the DOE has been funding the 2019 FOFD "[i]n error" and "inadvertently"; and (2) unduly weighted the child's current school placement in its legal analysis. *See* Mot. at 1–2. Plaintiff has not met the high burden to succeed on a motion for reconsideration, and the motion is therefore DENIED.

## I. LEGAL STANDARD ON A MOTION FOR RECONSIDERATION

Reconsideration is "an extraordinary remedy to be employed sparingly," *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011), and is generally denied unless the movant demonstrates "(1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice." *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580–81 (S.D.N.Y. 2013); *see also Cioce v. County of Westchester*, 128 Fed. App'x 181, 185 (2d Cir. 2005) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.")..[1] A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). To that end, a party "may not ... advance new facts, issues or arguments not previously presented to the court." *McGee v. Dunn*, 940 F. Supp. 2d 93, 100 (S.D.N.Y. 2013). "The decision to grant or deny a motion for reconsideration, whether under Local Rule 6.3, Rule 59(e) or 60(a), rests within 'the sound discretion of the district court.'" *Turner v. Naphcare*, No. 19-CV-00412 (LGS), 2020 WL 8988671, at *1 (S.D.N.Y. May 13, 2020) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## II. DISCUSSION

Plaintiff has not raised "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error to prevent manifest injustice" such that the Court

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

would be moved to revisit its prior ruling. *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

**A. Plaintiff's Factual Argument Is Unfounded**

Plaintiff's argument that the Court's denial of pendency hinged on the DOE's unsworn representations that it had been funding the 2019 FOFD in error is plainly wrong, and the Court agrees with Defendants that Plaintiff's suggesting as much is disingenuous at best. The Court, on a number of occasions, made clear that it does not consider the DOE's intentions in funding the 2019 FOFD as dispositive of its legal obligations to do so, and that the Court fashioned relief based on a unique confluence of events. *See, e.g.*, Dkt. No. 22 ("Tr.") at 17:24–18:9 ("[T]here's no reliance or estoppel interest in a citizen-government relationship typically. . . so the fact that [] the DOE, said: We're going to still pay retroactively for the things that we had effectively–by mistake, in their view–told the parent we would pay for and they did that. It doesn't change their current position that as of December 31, 2025, when we realized we had no legal obligation–in their view–to pay and we're not going to pay anymore, the fact that they paid for services prior to that date doesn't really change the calculus[.]"); Op. at 9 ("[T]he pendency that Plaintiff seeks is for services [] which DOE has no legal obligation to fund, and for which it has had no legal obligation for nearly three years."); *id.* at 8 ("This case presents very unusual facts—indeed, at oral argument, both of the very experienced counsel stated that they were aware of no case addressing similar facts."); *id.* at 10 ("[N]either the Court nor the parties have identified any cases where a parent sought to have the district of residence continue funding IESP services, rather than the district of school location[.]"). Instead, the Court found that any theory of pendency derives from state law, not directly from U.S.C. § 1415(j), and that the DOE's legal obligation to fund the child's *IESP* services terminated when he voluntarily enrolled in a school

outside of New York City. Op. at 9–10. Thus, it cannot be the case that the Court erred in relying on unsworn representations in reaching its decisions when it did not rely *at all* on the reason DOE paid or stopped paying for IESP services at a non-New York City school.[2]

**B. Plaintiff's Legal Arguments Likewise Do Not Merit Reconsideration**

Plaintiff's legal arguments as to pendency were squarely contemplated in the Court's opinion or are otherwise improperly raised on a motion for reconsideration. *See, e.g.*, *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (a motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court."); *Kolel Beth Yehchiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (granting reconsideration is appropriate only if there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.").

The Court did not overlook *East Lyme* (which was cited multiple times in the parties' briefs), but found it inapplicable to the unique factual presentation here, where, in contrast to the student in *East Lyme*, the child never received an IEP, has never attended public school, and never secured the agreement of the DOE to pay for services at an out-of-district school. *Cf. Doe*

[2] The passing references to counsel's assertion that the payment was in error, or "seemingly" in error, do not transform those observations into the factual basis for the Court's decision. And even if the Court had relied on that representation in any way, it would have reached the same conclusion if the truth was that DOE chose to make payments it had no legal obligation to make as a matter of grace, of the corruption of a single employee, or some other explanation short of express agreement.

*v. East Lyme Bd. Of Educ.*, 790 F.3d 440 (2d Cir. 2015)..[3] The principle Plaintiff paints as *East Lyme's* central holding—that "out-of-district enrollment does not, standing alone, end the agency's obligation to maintain the child's placement"—arises from that case's unique facts, which bear no relationship to the facts of this case, and is incompatible under these facts with the dictate that "IESPs, which are governed by state law, are not subject to the IDEA's due process protections." *The L. Off. of Philippe J. Gerschel, v. New York City Dep't of Educ.*, No. 25-2780-CV, 2026 WL 2951272, at *2 (2d Cir. Oct. 1, 2026). Nor do any of Plaintiff's other legal arguments meet the standard for reconsideration—they are merely disagreements with the Court's reasoning and legal conclusions.

## CONCLUSION

Because Plaintiff has not identified a controlling legal precedent that was overlooked by the Court or is a new change in the law, nor any new evidence, nor any legal or factual error that could amount to clear error or manifest injustice, Plaintiff's motion for reconsideration is DENIED.

Dated: November 17, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

[3] There are numerous other key differences between *East Lyme* and this case, including that the responsibility for payment for IESP services for a child voluntarily placed in private school is indisputable under New York law and does not depend on any factual inquiry into provision of a FAPE, the suitability of any offered placement, or the various other questions presented by the underlying dispute in *East Lyme*.