THE LAW OFFICE OF
LAURA D. BARBIERI, PLLC

November 18, 2026

**BY ECF**

Hon. Margaret M. Garnett
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *A.H. o/b/o N.H. v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, No. 26-cv-5926 (MMG)
**Plaintiffs' Letter Motion to Correct the Record Regarding N.H.'s Prior IEPs (ECF No. 54) and for Limited Reconsideration of the November 4, 2026 Order (ECF No. 48) as to the Reevaluation Finding**

Dear Judge Garnett:

I write on behalf of Plaintiffs, pursuant to Local Civil Rule 6.3 and Fed. R. Civ. P. 54(b), to correct two factual statements in the Court's recent orders, each relying only on material already in the record. The first is the statement in the Court's November 17, 2026 Opinion and Order that N.H. "never received an IEP." ECF No. 54 at 4. The second is the statement in the Court's November 4, 2026 Order that "as of the time of this case's filing, N.H. had not been reevaluated at all since 2023," ECF No. 48 at 1, on which the Order relies, in part, for its conclusions that the disparity between 2019 and 2026 rates "is largely of her own making," *id.*, and that the Parent "assumed the risk that by failing to seek or insist upon a reevaluation for N.H., the terms of the 2019 FOFD would apply in all ways," *id.* at 2. This motion is timely under Rule 6.3 as to ECF No. 48.

## 1. The November 17 Opinion's Statement That N.H. Never Received an IEP

First, Plaintiffs respectfully note a factual statement in the Court's November 17, 2026 Opinion and Order: that, in contrast to the student in *East Lyme*, "the child never received an IEP." ECF No. 54 at 4. That statement is not correct. Ms. Hertz attested, in her sworn declaration submitted with Plaintiffs' reply on the preliminary-injunction motion, that the DOE developed an IEP for N.H. when he was in preschool (2015–2016) and again when he turned five (2016–2017), although it never identified a public school placement for him. A.H. Decl. ¶ 30, ECF No. 9-1. The DOE's CSE has since developed a further IEP, on October 8, 2026. ECF No. 49 at 1–2; ECF No. 50 at 3–4. Plaintiffs ask only that the record on this point be accurate for any further proceedings.

## 2. The Record Shows That N.H. Was Evaluated in January 2026, Before This Action Was Filed

The Impartial Hearing Officer's June 15, 2026 FOFD in IHO Case No. 307092, which Plaintiffs filed with their motion for a preliminary injunction and on which the Court relied in its


790 Riverside Drive, Ste. 4J, New York, New York 10032
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com

August 4, 2026 Opinion and Order, records the Parent's testimony that N.H. was last evaluated in January 2026. ECF No. 7-14 at 16. On that record, the IHO declined to order a reevaluation. *Id.* This action was filed on July 9, 2026, six months later. The statement that N.H. had not been reevaluated since 2023 as of the filing of this case is therefore contradicted by a document that was before the Court when it ruled. Plaintiffs also noted this testimony in their November 9 letter motion. ECF No. 49 at 3.

A record document that directly contradicts a finding is the kind of "data that the court overlooked" that warrants reconsideration of that finding. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see* ECF No. 54 at 2–4. Plaintiffs offer no new evidence. They ask only that the Court's findings conform to the record.

**3. The Duty to Reevaluate Rests With the School District, Not the Parent**

The statements that the Parent "assumed the risk" by "failing to seek or insist upon a reevaluation," ECF No. 48 at 2, and that the rate disparity is "of her own making," *id.* at 1, also place on the Parent an obligation that the IDEA assigns to the school district. The local educational agency "shall ensure" that a reevaluation is conducted if it determines that the child's needs warrant one or if the parent or teacher requests one, and at least once every three years unless the parent and the agency agree that a reevaluation is unnecessary. 20 U.S.C. § 1414(a)(2)(A)–(B); 34 C.F.R. § 300.303; 8 N.Y.C.R.R. § 200.4(b)(4). Whatever the allocation of responsibility between school districts while N.H. attended school outside the City, no provision of the IDEA or the Commissioner's regulations makes reevaluation the parent's responsibility, or makes the parent bear the consequences when it does not occur.

The record shows the opposite of a parent who failed to act. The Parent asked the DOE for an IEP; the IHO found that the DOE denied N.H. a free appropriate public education for the 2025–2026 school year and ordered the Committee on Special Education to convene and develop an IEP. ECF No. 7-14. And the officer charged with deciding whether further evaluation was needed, the IHO, determined on the January 2026 evaluation that it was not. *Id.* at 16. A parent cannot fairly be said to have assumed a risk by not insisting on a reevaluation that the hearing officer found unnecessary. Plaintiffs do not, in this letter, ask the Court to revisit the Order's separate reference to the Parent's rejection of the 2023 IESP recommendation, *id.* at 1; they ask only that the finding regarding reevaluation, and the conclusions that rest on it, be conformed to the record.

**4. The Correction Matters to the Pending Motion**

The finding is not incidental. The Court is now deciding Plaintiffs' motion to extend interim relief (ECF No. 49), on which the DOE asks the Court to weigh the parties' respective conduct. ECF No. 51 at 2–3. An uncorrected finding that the family caused the disparity between the 2019 rates and the cost of N.H.'s services, together with the Order's observation that N.H. has "in all likelihood, outgrown the need for many of the services offered in the 2019 FOFD," *id.* at 1, would bear on that weighing, and could later be invoked on compensatory relief and on any application for fees. Plaintiffs ask only that those questions be decided on an accurate record.


790 Riverside Drive, Ste. 4J, New York, New York 10032
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com

THE LAW OFFICE OF
LAURA D. BARBIERI, PLLC

Accordingly, Plaintiffs respectfully request that the Court (1) note the correction of the record regarding N.H.'s prior IEPs; (2) amend ECF No. 48 to withdraw the statement that N.H. had not been reevaluated since 2023 as of the filing of this action, and the "own making" and "assumed the risk" statements insofar as they rest on that premise; and (3) decide ECF No. 49 on the corrected record. Consistent with Local Civil Rule 6.3, Plaintiffs have not submitted the evaluation reports (or the IEPs), but will promptly do so, under seal pursuant to Fed. R. Civ. P. 5.2, if the Court directs. Those evaluations, based on testing conducted between December 2025 and February 2026, recommend that N.H. continue to receive each component of the 2019 program: 40 hours per week of 1:1 SEIT instruction, individual and enhanced occupational therapy, physical therapy, speech-language therapy, parent counseling and training, and BCBA supervision, on a twelve-month basis, and his treating providers' 2025–2026 progress reports make the same recommendations for their services. Plaintiffs are prepared to address this request at the conference on November 19, 2026, should the Court find that helpful. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Laura Dawn Barbieri
Laura Dawn Barbieri
Counsel for Plaintiffs

cc: All counsel of record (by ECF)


790 Riverside Drive, Ste. 4J, New York, New York 10032
(914) 819-3387 (call or text)
Laura@LDBarbLaw.com *** www.LDBarbLaw.com